**UNITED STATES of America, Plaintiff,**

v.

**Christopher Richard MESSINO, Blaise Messino, et al., Defendants.**

**No. 93 CR 294.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 9, 1994.

See also 852 F.Supp. 657.

---

L. Felipe Sanchez, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for Christopher R. Messino, defendant.

Douglas P. Roller, Roller & Associates, Naperville, IL, for Clement A. Messino, defendant.

Linda Amdur, Chicago, IL, for Michael Homerding, defendant.

Robert A. Loeb, Chicago, IL, for Donald Southern, defendant.

Edward Marvin Genson, Genson, Steinback & Gillespie, Chicago, IL, for William Underwood, defendant.

Thomas Michael Breen, Martin, Breen & Merrick and Gerardo Solon Gutierrez, Chicago, IL, for Christopher B. Messino, defendant.

John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, for Blaise Messino, defendant.

Joseph R. Lopez, Joseph R. Lopez, P.C., Chicago, IL, for Paul Messino, defendant.

Luis M. Galvan, Federal Defender Program, and Dennis P.W. Johnson, Walter Jones, Jr., and Jorge V. Cazares, Pugh, Jones & Johnson, P.C., Chicago, IL, for Thomas Hauck, defendant.

Edna Selan Epstein, Law Offices of Edna Selan Epstein, Chicago, IL, for Gray Chrystall, defendant.

Leland Edward Shalgos, Chicago, IL, for Daniel Shoemaker, defendant.

Steven Allen Greenberg, Steve A. Greenberg, Ltd., Chicago, IL, for Lawrence Thomas, defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is the Government's Motion to Disqualify Counsel of defendant Blaise Messino ("Government's Motion").

### I. BACKGROUND

This case involves a thirteen-count superseding indictment against twelve defendants. The indictment, returned November 18, 1993, alleges violations of 21 U.S.C. §§ 841(a)(1) (knowingly and intentionally distributing and possessing with intent to distribute cocaine, a Schedule II Narcotic Controlled Substance) and 846 (conspiring to do same)); 18 U.S.C. §§ 2 (punishment as principal), 1503 (influencing or injuring an officer or juror), 1952 (engaging in interstate and foreign travel or transportation in aid of racketeering enterprises), and 1956(a)(1)(B)(i) (money laundering); and 26 U.S.C. § 7206(1) (wilfully submitting false declaration under penalty of perjury to the Internal Revenue Service).

All defendants are charged in Count I with conspiring to knowingly and intentionally distribute and possess with intent to distribute cocaine. The distribution business is alleged to have procured and distributed at least 100 kilograms of cocaine in the Chicago area. The indictment alleges that the brothers Christopher Richard Messino and Clement A. Messino were organizers, supervisors and managers of the distribution business, and that they caused their codefendants to transport kilograms of cocaine from Florida into the Northern District of Illinois, and transport currency for purchases in the opposite direction. Defendants Michael Homerding and Donald Southern are alleged to have acquired multi-kilogram quantities of cocaine for redistribution to Christopher Richard Messino, Clement Messino and others. Clement Messino further allegedly falsely titled cars for cocaine transportation. Quantities of the cocaine were allegedly stored at an automobile shop in Harvey, Illinois, at Clement Messino's house in Oak Forest, Illi-

nois, and at Christopher Richard Messino's residences in Stuart, Florida, and Blue Island, Illinois.

Defendants Christopher B. Messino, Blaise Messino and Paul Messino (all three sons of Christopher Richard Messino), as well as defendants William Underwood, Thomas Hauck, Gray Chrystall, Daniel Shoemaker, and Lawrence Thomas are alleged to have been multi-ounce sub-distributors of cocaine. William Underwood and Christopher Richard Messino allegedly collected on cocaine-related debts. Christopher Richard Messino, Clement Messino, Blaise Messino, and Thomas Hauck allegedly utilized violence and threats of violence in their distribution of cocaine. Christopher Richard Messino, Clement Messino, Blaise Messino, Paul Messino, and Christopher B. Messino allegedly possessed and carried firearms to facilitate the distribution.

In Counts II and IV, Christopher Richard Messino is charged with submitting a knowingly false declaration under penalty of perjury to the Internal Revenue Service in April 1987 and 1988 respectively. Count III charges the same conduct of Clement A. Messino regarding his 1987 submissions to the IRS.

Counts V, VI and VII charge Paul Messino with three distinct, specific distributions of cocaine all in quantities under one kilogram. Counts VIII and IX charge that Christopher B. Messino distributed similar quantities of cocaine on two separate occasions. Count X alleges one such distribution by Lawrence Thomas. In Count XI, Clement Messino is charged with money laundering.

Count XII charges Christopher B. Messino with travelling from Florida to Illinois with the intention of promoting, carrying on and facilitating an unlawful activity involving controlled substance offenses, and thereafter performing and attempting to perform acts to promote, carry on and facilitate said activity, namely the transportation of three kilograms of cocaine in a car.

Count XIII charges Christopher Richard Messino with obstruction of justice by attempting to influence witnesses to be subpoenaed before the federal grand jury in its investigation of him.[1]

The case now comes before the court because of a conflict of interest under which defendant Blaise Messino's attorney John P. De Rose, is laboring. Mr. De Rose represented Samuel Delisi and Joseph P. Storto prior to and during their testimony before the grand jury during April 1993. The government represents (1) that both Mr. Delisi and Mr. Storto "testified to matters that were relevant to the investigation and to issues that will arise at trial"; and (2) that the government intends to call both those men in its case-in-chief. (Government's Motion at 1)

The government now moves to disqualify attorney John De Rose. Incident to resolving that motion, the court inquired of Mr. De Rose's client, Blaise Messino, to assure itself that Mr. Messino is fully informed of the conflict-of-interest issues at stake and that despite those issues it is his wish to continue to retain Mr. De Rose.

## II. *THE INTERESTS AT STAKE*

The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the effective assistance of counsel." Furthermore, "the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment." *Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988); *see also United States v. Lowry,* 971 F.2d 55, 59 (7th Cir.1992). The Sixth Amendment also encompasses a right to representation by an attorney with unwavering, undivided loyalty to the defendant. *Lowry,* 971 F.2d at 59 (citing *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)).

As the Seventh Circuit has noted, "[a]t times, the right to choose one's own attorney and the right to be represented by an attorney with undivided devotion clash." *Lowry,*

---

1. The indictment also contains forfeiture allegations against all defendants except Paul Messino and Daniel Shoemaker.

971 F.2d at 59. The attorney of choice may be one who owes to other clients, past or present, duties that conflict or potentially conflict with the attorney's duties toward the defendant. The Supreme Court has described the dilemma facing a district court trying to ensure that these sometimes conflicting Sixth Amendment interests are served: "If a district court agrees to the multiple representation, and the advocacy of counsel is thereafter impaired as a result, the defendant may well claim that he did not receive effective assistance. On the other hand, a district court's refusal to accede to the multiple representation may result in a challenge [based on denial of counsel of choice]." *Wheat,* 486 U.S. at 161, 108 S.Ct. at 1698; *see also United States v. Alamo,* 872 F.2d 202, 206 (7th Cir.1989). These considerations, most often discussed in the context of representation of multiple defendants, apply with equal force to the context of representation of government witnesses and a single defendant, which the court addresses here. *See United States v. O'Malley,* 786 F.2d 786 (7th Cir.1986).

One judicial aid in this regard is a defendant's effective waiver of the right to conflict-free counsel. Such a waiver is recognized as generally barring subsequent ineffective assistance claims based on the attorney's conflict of interest. *See Lowry,* 971 F.2d at 63 ("[A] valid waiver of the right to conflict-free counsel bars any later claim of ineffective assistance growing from that conflict...."); *see also Harvey v. McCaughtry,* 11 F.3d 691, 695 (7th Cir.1993) ("A defendant who knowingly and intelligently waives his attorney's potential or actual conflict of interest may not, under any circumstances, later claim that such a conflict deprived him of his right to effective assistance of counsel."); *United States v. Flores,* 5 F.3d 1070, 1079 (7th Cir. 1993) (defendant having waived right to conflict-free counsel, "cannot ... reverse course" on appeal), *cert. denied,* — U.S. —, 114 S.Ct. 884, 127 L.Ed.2d 79 (1994). Securing an effective waiver, however, does not end the court's obligation to address the situation, because there are independent considerations besides the defendant's waiver that the court must weigh and protect.

A trial court has "an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment." *Wheat,* 486 U.S. at 161, 108 S.Ct. at 1698. And even beyond the defendant's interests is an "institutional interest in the rendition of just verdicts in criminal cases." *Id.* at 160, 108 S.Ct. at 1698. Criminal trials must "appear fair to all who observe them." *Id.* Furthermore, the court is charged with enforcing the ethical standards of its bar, which impose an obligation upon an attorney to avoid representing a client "if the representation of that client will be directly adverse to another client, unless (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after disclosure." Rule 1.7(a), Rules of Professional Conduct of the United States District Court for the Northern District of Illinois; *see also Wheat,* 486 U.S. at 160, 108 S.Ct. at 1698 ("Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession....").

Therefore, while there is "a presumption in favor of [the defendant's] counsel of choice," *Wheat,* 486 U.S. at 164, 108 S.Ct. at 1700, that presumption can be outweighed by other considerations. The trial court has "substantial latitude" here, and "there can be no doubt that [the court] may decline a proffer of waiver." *Id.* at 162, 163, 108 S.Ct. at 1698, 1699; *see also United States v. O'Malley,* 786 F.2d 786 (7th Cir.1986) (affirming district court's discretionary disqualification of defense attorney because of that attorney's prior representation of a government witness).

## III. RESOLUTION OF GOVERNMENT'S MOTION

While the court is mindful of the Seventh Circuit's directive to avoid assuming too paternalistic a role in this determination, *see Lowry,* 971 F.2d at 64, and of the presumption in favor of defendant's counsel of choice, *see Wheat,* 486 U.S. at 164, 108 S.Ct. at 1700, here the court finds that its independent duty to guard that fair proceedings be held and that the public perceive the proceedings as fair leads it to grant the motion and

disqualify Blaise Messino's attorney, John De Rose. Blaise Messino's waiver was effective; being knowing and voluntary (the government does not, in its pleading subsequent to the court's inquiry, allege that Blaise Messino's waiver was anything less than fully effective), but nonetheless the court finds its best exercise of discretion is to take the step of disqualification.

Important to the court here is the kind of conflict at issue. John De Rose is not conflicted in his loyalty to two defendants, both of whom ultimately may have the same interest at trial, proving the government's allegations wrong. Here, Mr. De Rose represented witnesses before the grand jury that indicted his client. Furthermore, the government represents that it expects to call those witnesses at trial. Indeed, the conflict here is stronger than the one present in *United States v. O'Malley*, where the Seventh Circuit approved disqualification. There the conflict was traced to defense counsel's having represented a government witness on *another case*, and the court upheld the district court's finding that the confidential information counsel gleaned from the prior case prevented his representing the defendant. *O'Malley*, 786 F.2d at 792. The more obvious conflict here arises from Mr. De Rose's representation of government witnesses regarding *the instant case*.

Nor is defendant's argument that the government witnesses will not implicate Blaise Messino persuasive. First, in a conspiracy case, issues of responsibility for coconspirators' actions can be critical, if not at trial then potentially at sentencing if defendant is found guilty. Accordingly, whether the government witnesses will only discuss other defendants' conduct does not entirely eradicate the conflict. Also, an alleged coconspirator is hurt by any testimony that helps persuade the jury that a conspiracy existed for illegal purposes. Finally, an effective cross-examination of the government witnesses might emphasize the point that Blaise Messino had nothing to do with the illegal conduct the witnesses describe. That cross-examination would be compromised, if not precluded, by Mr. De Rose's representation of the government witnesses. No "prophylactic measure" could fully prevent that compromise of justice. *See O'Malley*, 786 F.2d at 793.

There is no hint of the government manufacturing a conflict to deny Blaise Messino his counsel of choice, a possibility the Supreme Court directs the trial court to consider. *Wheat*, 486 U.S. at 163, 108 S.Ct. at 1699. The government represents that it flagged its concern for a potential conflict as early as one day after the grand jury returned the indictment. (Government's Motion at 5) The government's need, or at least highly probable need, for the two witnesses appears legitimate, given the government's description of the events to which they are expected to testify. (Government's Motion at 1–7) Although neither witness is expected to testify as to actions of Blaise Messino himself, Mr. Delisi apparently has knowledge of financial transactions that the government hopes to connect to the alleged conspiracy, and Mr. Storto is expected to testify to false titling of cars that the government hopes to connect to the conspiracy.

As far as the interest of the government witnesses, *see O'Malley*, 786 F.2d at 790 (noting this interest as relevant to the disqualification decision), Mr. De Rose represents that he can secure the waiver of the government witnesses. This would tend to lessen the interest of the witnesses themselves, assuming effective waiver could in fact be secured. Nonetheless, since the witnesses have nothing to gain from Mr. De Rose remaining as Blaise Messino's attorney, and are probably better represented by an attorney without duties to the government's adversary, the interest of the witnesses favors disqualification.[2] The court did not ask to inquire of the witnesses or to be given their waiver since these steps would not change the outcome of this motion.

---

2. The interest-of-the-witnesses consideration does not, however, weigh as heavily in favor of disqualification here as it did on the record in *United States v. O'Malley*. In *O'Malley*, the government's motion included an affidavit from the witness asserting the attorney-client privilege as to confidences revealed to the attorney in question. 786 F.2d at 792.

The decision to override Blaise Messino's choice of counsel is not taken lightly, given that the constitutional right to counsel of choice is at stake. Nonetheless, having given weight to "the interests of the defendant, the government, the witness[es] and the public," *O'Malley*, 786 F.2d at 790, the court finds in its discretion that disqualification is warranted.

## CONCLUSION

The Government's Motion to Disqualify Counsel is granted. The Appearance of Attorney John P. De Rose on behalf of defendant Blaise Messino is stricken. Defendant is given thirty days to retain new counsel.