**UNITED STATES of America, Plaintiff,**

v.

**Christopher Richard MESSINO, William Underwood, et al., Defendants.**

**No. 93 CR 294.**

United States District Court, N.D. Illinois, Eastern Division.

May 9, 1994.

See also 852 F.Supp. 652.

L. Felipe Sanchez, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for Christopher R. Messino, defendant.

Douglas P. Roller, Roller & Associates, Naperville, IL, for Clement A. Messino, defendant.

Linda Amdur, Chicago, IL, for Michael Homerding, defendant.

Robert A. Loeb, Chicago, IL, for Donald Southern, defendant.

Edward Marvin Genson, Genson, Steinback & Gillespie, Chicago, IL, for William Underwood, defendant.

Thomas Michael Breen, Martin, Breen & Merrick and Gerardo Solon Gutierrez, Chicago, IL, for Christopher B. Messino, defendant.

John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, for Blaise Messino, defendant.

Joseph R. Lopez, Joseph R. Lopez, P.C., Chicago, IL, for Paul Messino, defendant.

Luis M. Galvan, Federal Defender Program, and Dennis P.W. Johnson, Walter Jones, Jr., and Jorge V. Cazares, Pugh, Jones & Johnson, P.C., Chicago, IL, for Thomas Hauck, defendant.

Edna Selan Epstein, Law Offices of Edna Selan Epstein, Chicago, IL, for Gray Chrystall, defendant.

Leland Edward Shalgos, Chicago, IL, for Daniel Shoemaker, defendant.

Steven Allen Greenberg, Steve A. Greenberg, Ltd., Chicago, IL, for Lawrence Thomas, defendant.

## ORDER

ALESIA, District Judge.

Before the court are issues as to conflict of interest on the part of attorneys representing defendants Christopher Richard Messino and William Underwood.

### I. THE CONFLICT AT ISSUE

Attorneys Edward M. Genson and Terrence P. Gillespie represent defendant Underwood. Marc W. Martin represents defendant Christopher Richard Messino. These three attorneys are law partners. In a separate memorandum opinion entered today, the court, in the context of resolving an entirely distinct conflict issue, described the indictment in this case and the legal framework of resolving conflict-of-interest issues. That memorandum opinion's discussion of background facts and law is incorporated into this order.

### II. RESOLUTION

The court has secured a knowing and voluntary waiver of the right to conflict-free counsel from defendants Christopher Richard Messino and William Underwood, both orally and in writing. The Seventh Circuit has consistently endorsed such waivers as effective. *See United States v. Lowry,* 971 F.2d 55, 63 (7th Cir.1992); *Harvey v. McCaughtry,* 11 F.3d 691, 695 (7th Cir.1993). Furthermore, the government, after the court orally inquired of defendants pursuant to FED.R.CRIM.P. 44(c), did not move for disqualification, instead asking the court to find an effective waiver had occurred.

With the government having taken the position that the court should allow the attorneys in question to remain on the case, and the defendants having given their knowing and voluntary waiver to conflict-free counsel, it only remains to determine if the independent interests of justice and the appearance of fairness require disqualification. *See Wheat v. United States,* 486 U.S. 153, 160–61, 108 S.Ct. 1692, 1698, 100 L.Ed.2d 140 (1988).

The court finds in its discretion that disqualification is not warranted.

Here the conflict involves two criminal defendants. Currently neither of those defendants is to be a government witness. The conflict here involves law partners, not the same actual attorney, although imputed disqualification could still work to disqualify the attorneys. *See* Rule 1.10, Rules of Professional Conduct of the United States District Court for the Northern District of Illinois; FED.R.CRIM.P. 44(c). But here defense counsel has represented, and the government appears satisfied, that defense counsel have taken respective measures to avoid compromising their clients' interests. Furthermore, defense counsel has acknowledged that, should one of the defendants decide to plea guilty, or if there is even an offer by the government, a reevaluation of the propriety of the law firm's joint representation will be in order. (*See* Transcript of Proceedings, Jan. 19, 1994, at 9–10)

### CONCLUSION

The court here finds that defendants Christopher Richard Messino and William Underwood were fully informed about their right to be represented by counsel, independent of any co-defendant, that both defendants understand that there is a potential conflict of interest in their being represented by joint counsel and that they have made knowing and voluntary waivers of any potential conflict regarding said representation. The court has weighed all relevant considerations and finds in its discretion that the attorneys representing defendants Christopher Richard Messino and William Underwood need not be disqualified.