UNITED STATES of America, Plaintiff,

v.

Christopher Richard MESSINO, et al., Defendants.

No. 93 CR 294.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 21, 1994.

---

Joseph R. Lopez, Chicago, IL, for Paul Messino.

Luis M. Galvan, Federal Defender Program, Chicago, IL, Dennis P.W. Johnson, Walter Jones, Jr., Jorge V. Cazares, Pugh, Jones & Johnson, P.C., Chicago, IL, for Thomas Hauck.

Edna Selan Epstein, Law Offices of Edna Selan Epstein, Chicago, IL, for Gray Chrystall.

Leland Edward Shalgos, Chicago, IL, for Daniel Shoemaker.

Steven Allen Greenberg, Steven A. Greenberg, Ltd., Chicago, IL, for Lawrence Thomas.

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court are two pretrial matters pertaining to defendant Christopher Richard Messino. First is the government's motion to reconsider the court's order dismissing the forfeiture allegations in the indictment, 855 F.Supp. 955. Second is the government's motion to vacate the hearing regarding the seizure at Christopher Richard Messino's Blue Island, Illinois, home.

L. Felipe Sanchez, U.S. Attys. Office, Chicago, IL, for U.S.

Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for Christopher R. Messino.

Douglas P. Roller, Roller & Associates, Naperville, IL, for Clement A. Messino.

Linda Amdur, Chicago, IL, for Michael Homerding.

Robert A. Loeb, Chicago, IL, for Donald Southern.

Edward Marvin Genson, Genson, Steinback & Gillespie, Chicago, IL, for William Underwood.

Thomas Michael Breen, Martin, Breen & Merrick, Chicago, IL, Gerardo Solon Gutierrez, Chicago, IL, for Christopher B. Messino.

John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, Robert Lee Gevirtz, Gevirtz, Born & Kissel, Northfield, IL, for Blaise Messino.

## I. *MOTION TO RECONSIDER DISMISSAL OF FORFEITURE ALLEGATIONS*

### A. *Background*

Defendant Christopher Richard Messino moved pretrial to dismiss the forfeiture allegations against him based on statute of limitations. The government's consolidated response ignored the issue, prompting the court to grant the motion based on an assumed acquiescence by the government to defendant's statute of limitations theory. The court however, allowed the government an opportunity to move for reconsideration of that order. The government has now taken that opportunity. The briefing has raised two issues: (1) the government's alleged waiver; and (2) the substance of the argument.

## B. *Waiver*

■ Defendant argues that the government should be barred from asserting its motion, having waived opposition to defendant's original motion. As troublesome as the government's original briefing was, however, that is not a remedy the court will impose.

The cases defendant cites, as the government notes, are about waiver in the trial court precluding a party from presenting an argument on appeal. *See, e.g., Garlington v. O'Leary,* 879 F.2d 277, 282 n. 6 (7th Cir. 1989). While instructive, therefore, the cases are not dispositive.

What has happened here is defendant timely raised an issue of interpretation of law. That having occurred, the issue is before the court. What remains is for the court to dispose of that legal issue.[1] That disposition needs to be done under the law as the court sees it, and the court wishes to rule with the benefit of the government's point of view rather than without it. Accordingly, defendant's waiver argument does not warrant denial of the government's motion.

## C. *Substance*

Waiver not resolving the issue, that leaves the substance. The government has two arguments. It argues first that defendant has misinterpreted the limitations on criminal forfeiture. It argues second that even under defendant's interpretation of the limitations period, the forfeiture allegations survive. A sub-issue of the latter point is when and how the question is to be resolved: by separate hearing before trial, or after the jury returns a verdict on the criminal allegations. If the first issue regarding interpretation of the limitations period goes the government's way, then the court need go no further.

The parties agree that no binding authority controls this issue, and the court's research supports that conclusion. There is a bit of persuasive authority, but in general the court is left with the structure of the criminal forfeiture provision in 21 U.S.C. § 853 to determine the outcome.

As defendants note, the criminal forfeiture provision applies the civil forfeiture provisions of 21 U.S.C. § 881(d) "[e]xcept to the extent that they are inconsistent with the provisions of [§ 853]." 21 U.S.C. § 853(j). Section 881(d) in turn incorporates customs forfeiture procedure, which prescribes a 5–year statute of limitations "after the time when the alleged offense was discovered." 19 U.S.C. § 1621. Defendant's argument traces this statutory link to assert the 5–year limitation.

■ The government responds that Section 853(a), making clear that criminal forfeiture is part of a criminal sentence, is in conflict with the civil procedure, and therefore Section 853(j) carves away those procedures. The court agrees. The procedure for criminal forfeiture anticipates such a remedy to be part of the sentence. Therefore, there is no independent statute of limitations for criminal forfeiture allegations that are tacked on to an indictment. Rather than providing no statute of limitations, as defendant argues, such a holding merely applies the straight criminal statute of limitations, which will provide a limitation protection, although sometimes less strict than defendant's proposal. *Accord United States v. Milicia,* 769 F.Supp. 877, 884 (E.D.Pa.1991), *appeal dismissed,* 961 F.2d 1569 (3d Cir.1992). There is no contention by defendant that the criminal allegations are time-barred, so this legal conclusion resolves the matter.

Accordingly, the government's motion is granted and the forfeiture allegations against defendant Christopher Richard Messino are reinstated.

## II. *MOTION TO VACATE HEARING REGARDING SEIZURE OF CHRISTOPHER RICHARD MESSINO'S PROPERTY*

### A. *Background*

In his original pretrial motions, defendant Christopher Richard Messino moved to sup-

---

1. Had the government not moved for reconsideration there would have been no legal issue, since nothing would be contested. The court viewed inviting a motion for reconsideration as keeping the legal issue open.

press evidence gathered pursuant to a warrant of seizure and monition issued in the context of a related civil forfeiture proceeding. Defendant's argument was based on the Supreme Court's opinion in *United States v. James Daniel Good Real Property*, —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), wherein the Court held that a hearing is required before seizure of real property pursuant to forfeiture may occur. The government originally requested a hearing on this issue, but now asserts the motion can be disposed of on the briefs.[2]

The government has two separate avenues for avoiding a hearing and securing denial of defendant's motion: (1) that personal property was seized pursuant to warrants identifying the personalty, so that the illegality of the real property warrant is irrelevant; and (2) that the seizure was done in good faith under the pre-*Good* law in effect at the time of the seizure.

### B. *Independent Legality of Warrants Identifying Personalty*

■ Defendant asserts to the contrary, but it is clear that the warrants regarding other items besides the real property of defendant are—assuming their legality—reason enough for agents to be in the home of Christopher Richard Messino. Any suggestion by defendant that *Good* renders illegal an entry into realty to recover personalty is unsupported by that opinion. *Good* simply does not stand for that proposition. The warrants unaffected by *Good* appear to have given officers a lawful justification for being in defendant's home.

The government is asserting that property was seized under two justifications: (1) the property was identified in a warrant valid even under *Good;* or (2) the property was subject to seizure under the plain-view doctrine.

Defendant has not specified what evidence he believes is not covered by a good warrant, but has indicated there are some non-listed items he contends were not subject to seizure. Since the government's defense on

that point is "plain view," the question arises as to the evidence of whether "it was immediately apparent to the officer that they constituted incriminating evidence." *Horton v. California*, 496 U.S. 128, 142, 110 S.Ct. 2301, 2310, 110 L.Ed.2d 112 (1990). This question cannot be resolved on the submitted papers and will require a hearing. It is, however, the court's hope that the number of items to which defendant objects on this basis can be narrowed and specified before the hearing, an end that is further discussed below.

### C. *Good Faith Based on Pre–Good Law*

The government has previously raised the issue of whether *Good* should be applied retroactively to the forfeiture that took place, given the state of the law pre-*Good.* The court, as the government now does, previously remarked that the retroactivity issue might more accurately be thought of as one of good faith. *United States v. Leon*, 468 U.S. 897, 918–21, 104 S.Ct. 3405, 3418–19, 82 L.Ed.2d 677 (1984). The good faith exception is normally discussed in terms of officers relying on a warrant in believing there is probable cause. Here it is the good faith that the warrant relied on comported with the law—that the *ex parte* procedure was valid. The same good-faith issue is here as in the probable cause instance, because the same question arises: What possible deterrent value is there in excluding the evidence gained from the seizure done pursuant to the apparently valid warrant?

Therefore, assuming good faith validates the real property warrant in spite of *Good,* what are the implications? The real property warrant directs seizure of the real property, improvements and appurtenances thereto. The government does not explain how this helps them in trying to defend the seizure of personalty in the house, either under the separate personalty warrants or under plain view. After all, the government does not argue that all personalty within forfeited realty is fair game, or forward any other theo-

---

2. Since the issues on the motion were open when the government filed its motion, the court does

not find any waiver or default of the government's position.

ry that would allow the realty warrant to justify the personalty seizures.[3]

In any event, to proceed to the issue of whether all the government's proposed evidence is either within the scope of one of the personalty warrants or was subject to seizure based on plain view is the safer route since a complete record then will have been made.

The government's motion to vacate the hearing is accordingly denied.

### D. *Further Submissions for Hearing*

Since the hearing will proceed, a few practical points should be covered. The government now proposes introduction of approximately 21 pieces or categories of evidence. The government, before October 24, 1994, 4:00 p.m., is ordered to file with the courtroom deputy a list of those items and for each item a basis for valid seizure—whether the basis is one of the warrants (specifying which one) or plain view. That list is to be personally served on defendant Christopher Richard Messino's counsel before 4:00 p.m. that same day. Subsequently, defendant Christopher Richard Messino is ordered to file and serve on the government before October 25, 1994, 4:00 p.m., a statement that makes clear the bare fact of which items he contests.

### *CONCLUSION*

The government's motion for reconsideration of order dismissing forfeiture allegations is granted. The forfeiture allegations against defendant Christopher Richard Messino are reinstated. The government's motion to vacate hearing regarding seizure at 2939 West 127th Street, Blue Island, Illinois, and deny defendant's motion to suppress is denied. The government and defendant Christopher Richard Messino are ordered to provide further submissions as detailed in this memorandum opinion and order.

---

**3.** In fact, the government at this point relegates good faith to an afterthought in a footnote in its reply brief.