UNITED STATES of America, Plaintiff,

v.

**Christopher Richard MESSINO, Clement A. Messino, Daniel C. Shoemaker, et al., Defendants.**

**No. 93 CR 294.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 19, 1994.

Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for Christopher R. Messino.

Douglas P. Roller, Roller & Associates, Naperville, IL, for Clement A. Messino.

Linda Amdur, Chicago, IL, for Michael Homerding.

Robert A. Loeb, Chicago, IL, for Donald Southern.

Edward Marvin Genson, Genson, Steinback & Gillespie, Donna Ann Hickstein–Foley, Athas, Foley, Kowal & Bridge, Chicago, IL, for William Underwood.

Thomas Michael Breen, Martin, Breen & Merrick, Gerardo Solon Gutierrez, Chicago, IL, for Christopher B. Messino.

John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, Robert Lee Gevirtz, Gevirtz, Born & Kissel, Northfield, IL, for Blaise Messino.

Joseph R. Lopez, Chicago, IL, for Paul Messino.

Luis M. Galvan, Federal Defender Program, Dennis P.W. Johnson, Walter Jones, Jr., Jorge V. Cazares, Pugh, Jones & Johnson, P.C., Chicago, IL, for Thomas Hauck.

Edna Selan Epstein, Law Offices of Edna Selan Epstein, Chicago, IL, for Gray Chrystall.

Leland Edward Shalgos, Chicago, IL, for Daniel Shoemaker.

Steven Allen Greenberg, Steven A. Greenberg, Ltd., Chicago, IL, for Lawrence Thomas.

L. Felipe Sanchez, U.S. Atty., Matthew Schneider, Kathleen Murdock, Asst. U.S. Attys., U.S. Attorney's Office, Chicago, IL, for the U.S.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are various remaining pretrial motions. The court has previously described the Superseding Indictment in this case. *See United States v. Messino,* 852 F.Supp. 652, 653–54 (N.D.Ill.1994); *see also* 865 F.Supp. 511 (N.D.Ill. Oct. 21, 1994); 855 F.Supp. 973 (N.D.Ill.1994); 855 F.Supp. 955 (N.D.Ill.1994); 852 F.Supp. 657 (N.D.Ill. 1994); 842 F.Supp. 1107 (N.D.Ill.1994). The court therefore will proceed directly to disposition of the motions.

### I. DEFENDANT CHRISTOPHER RICHARD MESSINO'S MOTION TO PRECLUDE TESTIMONY ABOUT DESTROYED EVIDENCE

Defendant Christopher Richard Messino seeks to preclude introduction of evidence regarding an alleged cocaine transaction involving him, on the basis that the cocaine involved has been destroyed by the government. The court holds defendant has not provided a basis for any exclusion.

In *United States v. Kelly,* 14 F.3d 1169, 1174–75 (7th Cir.1994), the Seventh Circuit provided guidance on lost or destroyed evidence. The *Kelly* court affirmed a district court's refusal to exclude seized narcotics that were lost, even where the government provided no explanation for the loss. *Id.* Initially, the court noted, "[a] narcotics violation need not be proved by direct evidence; there is no need for a sample of the narcotics seized to be placed before the jury." *Id.* at 1174. Thus, the failure of the government to be able to introduce the destroyed cocaine is not a concern.

As far as any unfairness in the situation, again the *Kelly* court's discussion leads toward denial of the motion. The Seventh Circuit noted three factors in *Kelly,* warrant-

ing affirmance, that are also present here: First, "Kelly ... presented no evidence that the seized narcotics evidence, which disappeared after being analyzed, was lost in bad faith." *Kelly,* 14 F.3d at 1175. That holding in *Kelly* was despite the fact that there no explanation was offered by the government. Here the government has explained the missing evidence, and provided documentation of its explanation. The destruction was routine given the decision of the United States Attorney for the Northern District of Indiana not to prosecute. (*See* Government's Response to Defendant Christopher Richard Messino's Motion to Preclude Testimony About Destroyed Evidence & Exs. A, B, C.) There is not an indication of bad faith based on this record. Second, in *Kelly* there was "no indication that the contraband was anything but what the chemical analysis indicated it to be." *Id.* Here, too, there is at least no contrary indication. Finally, "Kelly had the opportunity to cross-examine all government witnesses ... about the seized evidence." *Id.* This court, of course, will allow defendant the opportunity similarly to raise the issue.

In short, the *Kelly* court's admonition that "[i]n future cases ... prosecutors are well advised to provide an explanation if similar losses occur," *Kelly,* 14 F.3d at 1175, has been followed here. The court is satisfied with the government's explanation based on its brief and supporting documentation. Accordingly, Defendant Christopher Richard Messino's Motion to Preclude Testimony About Destroyed Evidence is denied.

## II. DEFENDANT CLEMENT A. MESSINO'S MOTION TO EXCLUDE EVIDENCE SEIZED DURING THE EXECUTION OF WARRANTS OF SEIZURE AND MONITION PURSUANT TO CIVIL FORFEITURE PROCEEDINGS

The court is told that pursuant to a parallel civil forfeiture proceeding (*United States v. Michelle's Lounge, et al.,* No. 93 C 5783), the government executed warrants of seizure and monition related to real property at 15240–44 South Broadway, Harvey, Illinois, and 10630 South Seeley, Chicago, Illinois.

Defendant Clement Messino moves to suppress the fruit of those seizures, raising two issues: (1) whether a government violation of Rule 16 of the Federal Rules of Criminal Procedure compels exclusion; and (2) whether a violation of the Fourth Amendment compels exclusion. The government opposes both bases for exclusion, as well as arguing that the motion should be disregarded as untimely.

### A. *Timeliness*

■ Defendant argues that when the court granted him leave to file his additional pretrial motions it ruled in his favor on the timeliness issue. Defendant is right. If the government had argued that the motion was outside the scope of the leave granted defendant, that would be a different story; but the government in essence only seeks to revisit the issue of whether defendant should have been allowed to file his motions. The government's timeliness argument fails.

### B. *Rule 16*

■ The court will not exclude the disputed evidence based on the claimed Rule 16 violation by the government. Defendant's theory is that since the government only on November 17, 1994, listed intended evidence from the seizures, the evidence should be disqualified because the notification was less than sixty days before trial.

First, defendant provides no authority for a hard sixty-day rule. Second, the difference between the notice defendant received (about fifty-three days before trial) and the notice defendant wants (sixty days) is not so great as to warrant exclusion under Rule 16(d)(2) or any other authority for exclusion. Third, it is not as if defendant has been blindsided. He received seizure inventories as exhibits to the March 4, 1994, Government's Consolidated Response to Defendants' Pretrial Motions. Defendant argues that this is different than notice of intended introduction at trial, which no doubt is true, but defendant at least since March 1994 had notice of the list from which the government would choose. Finally, along the same vein, there is no prejudice. Defendant had the opportunity to prepare based on the inventory lists, and the court

has allowed him the opportunity pretrial to challenge the evidence on Fourth Amendment grounds.

The court finds no Rule 16 violation on the part of the government. Furthermore, if the two-week difference in notice between what defendant requests and what he received were to be construed as a Rule 16 violation, exclusion would not be the court's discretionary remedy under Rule 16(d)(2) or any other authority.

## C. *Fourth Amendment*

■ Defendant's other argument for exclusion is a violation of the Fourth Amendment. The court orders a hearing with the following guidance:

The court has not been provided the warrants executed for the items at issue, but the language of the warrants has been quoted by the government. (*See* Government's Consolidated Response to Defendant Clement Messino's Additional Pretrial Motions at 6–7.) As described, there are warrants for the real property itself and warrants for personalty.

The realty warrants were apparently procured in violation of the principle of *United States v. James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), wherein the Supreme Court held that seizure of real property, pursuant to civil forfeiture, after merely an *ex parte* hearing violates due process. The government appears to be taking the same stance here as it took regarding Defendant Christopher Richard Messino's Motion to Suppress and in the parallel civil forfeiture proceeding—the government does not suggest that the realty warrants, despite *Good,* are legal. Rather the government argues that the seizure of all of the listed items was consistent with the Fourth Amendment either under one of the warrants unaffected by *Good* or under the plain view doctrine, *see Horton v. California,*

496 U.S. 128, 134–36, 110 S.Ct. 2301, 2306–07, 110 L.Ed.2d 112 (1990); *United States v. Wilson,* 2 F.3d 226, 232 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1615, 128 L.Ed.2d 341 (1994).[1]

Invocation of the plain view doctrine requires an airing of the facts of the seizure. The court accordingly will hold a hearing. As it ordered for the previously held hearing on defendant Christopher Richard Messino's Motion to Suppress, the court orders further submissions to clarify the parties' positions prehearing. The government is ordered before 4:00 p.m., December 20, 1994, to file with the court and personally serve on Clement Messino's counsel a list of proffered items with an indication as to each item whether (1) the government relies on a warrant for the legality of the item's seizure and, if so, which warrant, or (2) the government relies on the plain view doctrine. Defendant is ordered by 4:00 p.m., December 21, 1994, to file with the court and personally serve the government with a submission listing the bare fact of which government positions he opposes.[2] In the likely event that defendant opposes all the items, he can file something as simple as a one-line statement to that effect.

Accordingly, Defendant Clement A. Messino's Motion to Exclude Evidence Seized During Execution of Warrants of Seizure and Monition Pursuant to Civil Forfeiture Proceedings is denied in part and continued for a hearing in part.

## III. *DEFENDANT CLEMENT MESSINO'S MOTION FOR ENTRY OF AN ORDER REQUIRING AN IMMEDIATE HEARING REGARDING RELEASE OF ASSETS FOR PAYMENT OF ATTORNEY'S FEES OR OTHER RELIEF*

■ As noted above, Clement Messino is a claimant in a parallel civil forfeiture proceeding. The Seventh Circuit recently remanded

---

1. It has been, and continues to be, the holding of the court that *Good* does not apply to entry onto realty to seize personalty.

2. The court understands defendant Clement Messino thinks all the evidence should be barred under both Rule 16 and *Good.* Defendant's next submission should address only which items he believes should be excluded even if he is incorrect about Rule 16 and *Good* (as the court has held).

that case for proceedings to ensure that the initial *ex parte* civil forfeiture effected in that case will not interfere with defendant's qualified right to criminal counsel of choice. *United States v. Michelle's Lounge,* 39 F.3d 684 (7th Cir.1994). "[D]ue process requires the government to participate in a post-seizure adversary hearing on probable cause when the district court has found that the government has seized through civil forfeiture all of the assets a criminal defendant needs to obtain counsel." *Id.* at 700. Defendant Clement Messino's motion in effect seeks to have this court provide him the proceedings to which he is entitled as a claimant in the civil forfeiture proceeding pursuant to the Seventh Circuit's opinion.

To state the obvious, the Seventh Circuit remanded the civil forfeiture case to the district court judge presiding over the civil proceeding, not to this court, which only presides over the criminal proceeding. Furthermore, that judge, not this court, has jurisdiction over any items that may have to be released to pay defendant's attorney's fees. It does not fall to this court, therefore, to provide the *Michelle's Lounge* proceeding. This court, of course, does have jurisdiction over ensuring that the defendant receives a fair trial. But that does not mean that it would be this court's province to supplant the *Michelle's Lounge* proceedings with its own examination of the legality of the civil forfeiture. The Seventh Circuit has considered the "constitutional difficulty aris[ing] from the complex interplay between civil forfeiture and criminal prosecution," *Michelle's Lounge,* 39 F.3d at 701, and its solution was to order an expedited opportunity for the defendant to be heard on the fee issue in the civil forfeiture proceeding as soon as possible before the criminal proceeding. That matter it appears will either be settled or resolved by the court in the civil forfeiture proceeding before the trial in this cause begins. Any settlement, of course, must be before the civil forfeiture court. The settlement would involve a release of items over which that court, not this court, has jurisdiction.

Defendant does not contradict that as long as he receives his *Michelle's Lounge* proceedings before the trial in this cause begins

he suffers no prejudice. In fact, defendant states in his reply brief that the anticipated settlement "most likely moots this motion." (Defendant Clement Messino's Reply to Government's Consolidated Response to Additional Pretrial Motions at 7.) It is therefore the civil forfeiture court's province to preserve the rights discussed in the Seventh Circuit's opinion, and defendant's motion is accordingly denied.

To say that preservation of the *Michelle's Lounge* rights is not this court's province is not to say that it is not this court's concern. If, the week before trial, the civil forfeiture settlement has broken down and the defendant has not been afforded his *Michelle's Lounge* proceedings, this court will have to consider that development's impact on this case. To begin the trial without the procedure having unfolded as the Seventh Circuit directed is simply not an option. It is the court's understanding that the government is working toward avoiding that development.

Accordingly, Defendant Clement Messino's Motion for Entry of an Order Requiring an Immediate Hearing Regarding Release of Assets for Payment of Attorney's Fees or Other Relief is denied.

## IV. *DEFENDANT CLEMENT A. MESSINO'S MOTION TO DISMISS INDICTMENT*

Clement Messino moves to dismiss the Superseding Indictment in this case based on his argument that this indictment places him in double jeopardy in violation of the Fifth Amendment to the United States Constitution. Defendant has two different encounters with the justice system that he claims stand as the initial jeopardy, so each is considered separately.

### A. *Parallel Civil Forfeiture Proceeding*

■ Defendant first claims that the civil forfeiture proceeding described above is the initial jeopardy. In resolution of this argument, the court is primarily guided by the Seventh Circuit's decision in *United States v. Torres,* 28 F.3d 1463 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, —— L.Ed.2d —— (1994), which concerned the civil forfeiture/criminal prosecution double

**1032**

jeopardy issue. The *Torres* court ultimately held that because the criminal defendant in that case had not filed a claim in the prior civil forfeiture proceeding he had not been put in jeopardy in the constitutional sense. "As a non-party, Torres was not at risk in the forfeiture proceeding, and '[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.'" *Id.* at 1465 (quoting *Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)). En route to that conclusion, however, the court made clear that parallel civil forfeiture and criminal proceedings may have double jeopardy effect on each other. *See id.* Since Clement Messino was and is a claimant in the civil proceeding, the court must consider whether the civil proceeding constitutes a bar on the instant prosecution.

A claimed double jeopardy must necessarily have been preceded by an initial jeopardy, and whether there is the first instance of jeopardy depends on whether jeopardy "attached" for Fifth Amendment purposes. Commentary by the Seventh Circuit in *Torres* indicates that jeopardy did not attach in the parallel civil proceeding, and thus defendant's argument fails. In *Torres* the Seventh Circuit commented, "Suppose the civil forfeiture gets to trial first. The United States will try to show that the money was used in an illegal drug transaction. 21 U.S.C. § 881(a)(6). At the beginning of the hearing, when evidence is first presented to the trier of fact in a proceeding seeking to impose a penalty for crime, jeopardy 'attaches.'" *Torres,* 28 F.3d at 1465. The civil proceeding has not progressed that far, so jeopardy has not attached in that proceeding. It follows that the instant proceeding may not be "double" jeopardy.

Defendant argues, however, that the tying up of his assets during the pendency and stay of the civil proceedings is a punishment in its own right. This argument likewise fails. The jeopardy cannot attach at the initiation of the civil proceeding. Otherwise, the *Torres* holding that the claimant must appear for jeopardy to attach would be meaningless. That said, the unavailability of

the assets is not a punishment for jeopardy purposes, again otherwise the *Torres* holding is superfluous. Defendant raises the interference with his criminal trial, but the Seventh Circuit in *United States v. Michelle's Lounge* provided the remedy for the danger of the government through civil forfeiture tying up legal assets that the defendant would direct towards the criminal defense of his choice. With that remedy available, the initiation of civil forfeiture would not be the jeopardy. And, in any event, abrogation of the qualified right to counsel of choice, not double jeopardy, is the wrong discussed in *Michelle's Lounge.*

The court holds jeopardy has not attached in the civil proceeding, and therefore defendant's double jeopardy argument based on the civil proceeding does not succeed.

### B. *Prior Criminal Proceeding*

■ Defendant next argues that a prior criminal proceeding bars the instant prosecution on double jeopardy grounds. The first jeopardy, defendant argues, occurred in case No. 92 CR 69 (N.D.Ill.), in which "defendant pled guilty to a superseding indictment alleging four separate sales of cocaine, totalling approximately 700 grams, two sales of various weapons and an escape charge." (Memorandum of Law in Support of Defendant Clement Messino's Motion to Dismiss Indictment at 9.) Defendant moved to vacate that guilty plea, that motion was denied, and defendant has appealed from that order. (*See id.*)

The Double Jeopardy Clause of the Fifth Amendment bars "the duplicative prosecution of a defendant for the 'same offense.'" *United States v. Felix,* 503 U.S. 378, ——, 112 S.Ct. 1377, 1382, 118 L.Ed.2d 25 (1992) (quoting U.S. CONST.Amend. 5, citing *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). The precedent is with the government in its argument that the instant prosecution for a conspiracy to commit acts including previous acts for which defendant has previously been convicted is not double jeopardy. "[P]rosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which

the defendant has previously been convicted, does not violate the Double Jeopardy Clause." *Id.,* 503 U.S. at ——, 112 S.Ct. at 1380; *see also United States v. Garcia,* 32 F.3d 1017, 1019 n. 1 (7th Cir.1994) ("It is established doctrine that a conspiracy to commit a crime is distinct from the crime itself."). Defendant therefore has not here stated a double jeopardy violation.

Accordingly, Defendant Clement A. Messino's Motion to Dismiss Indictment is denied.

## V. DEFENDANT CLEMENT A. MESSINO'S MOTION TO DISMISS FORFEITURE ALLEGATIONS

■ Defendant Clement Messino's Motion to Dismiss Forfeiture Allegations raises the issue of whether the criminal forfeiture sought in the Superseding Indictment would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

Defendant's argument is one of proportionality, guided by the Supreme Court's holding in the RICO context that an *"in personam"* criminal forfeiture ... is clearly a form of monetary punishment no different, for Eighth Amendment purposes, from a traditional "'fine.'" *Alexander v. United States,* —— U.S. ——, —— – ——, 113 S.Ct. 2766, 2775–76, 125 L.Ed.2d 441 (1993). The court agrees with the government that any proportionality argument is premature. Indeed, in defendant's preferred outcome (acquittal), proportionality of the punishment to the crime would be mooted.

Defendant argues that the prematurity of the motion is attributable to the government's not having provided enough information on the extent of the drug transactions in which defendant is alleged to be involved. The court will not transform this motion into an examination of whether the government has fulfilled its disclosure requirements. That said, the only way to fulfill defendant's request would be to require some pretrial proffer for the purposes of pretesting whether the potential criminal forfeiture is out of proportion to the alleged crimes. Such a procedure is not directed by any precedent defendant cites, and the procedure is not one the court would require.

The government makes other arguments besides prematurity; it challenges the applicability of a proportionality test to the potential criminal forfeiture in this case. The court does not reach those issues; it only holds dismissal of the forfeiture allegations is not warranted because of prematurity.

Accordingly, Defendant Clement A. Messino's Motion to Dismiss Forfeiture Allegations is denied.

## VI. DEFENDANT CLEMENT A. MESSINO'S RENEWED MOTION FOR DISCLOSURE PURSUANT TO RULE 6(E)

Defendant's motion revisits tainted-grand-jury issues this court discussed in *United States v. Messino,* 855 F.Supp. 955, 959–60 (N.D.Ill.1994). Nothing in defendant's submitted argument or affidavits alters the court's previous analysis of the situation.

Accordingly, Defendant Clement A. Messino's Renewed Motion for Disclosure Pursuant to Rule 6(e) is denied.

## VII. DEFENDANT DANIEL C. SHOEMAKER'S MOTION IN LIMINE

Defendant Daniel Shoemaker has moved *in limine* to exclude certain taped conversations from introduction in the government's case in chief. The government has agreed not to introduce the specified evidence. Apparently satisfied with the government's representation, defendant filed a statement of "No reply" to the government's response. (Reply to Government's Consolidated Response to Defendant Shoemaker's Motions at 1.)

Accordingly, Defendant Daniel C. Shoemaker's Motion *in Limine* is denied as moot.

## CONCLUSION

Defendant Christopher Richard Messino's Motion to Preclude Testimony About Destroyed Evidence is denied. Defendant Clement A. Messino's Motion to Exclude Evidence Seized During Execution of Warrants of Seizure and Monition Pursuant to Civil Forfeiture Proceedings is denied in part and

continued for a hearing in part. Defendant Clement A. Messino's Motion for Entry of an Order Requiring an Immediate Hearing Regarding Release of Assets for Payment of Attorney's Fees or Other Relief is denied. Defendant Clement A. Messino's Motion to Dismiss Indictment is denied. Defendant Clement A. Messino's Motion to Dismiss Forfeiture Allegations is denied. Defendant Clement A. Messino's Renewed Motion for Disclosure Pursuant to Rule 6(e) is denied. Defendant Daniel C. Shoemaker's Motion *in Limine* is denied as moot.