**UNITED STATES of America, Plaintiff,**

v.

**Clement A. MESSINO, et al., Defendants.**

**No. 93 CR 294.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 12, 1995.

---

See also, 871 F.Supp. 1035.

L. Felipe Sanchez, Matthew Schneider, Kathleen Murdock, Asst. U.S. Attys., Chicago, IL, for plaintiff.

Marc William Martin, Chicago, IL, for Christopher Richard Messino.

Douglas P. Roller, Naperville, IL, E.E. Edwards, III, Nashville, TN, for Clement A. Messino.

Linda Amdur, Chicago, IL, for Michael Homerding.

Robert A. Loeb, Chicago, IL, for Donald Southern.

Donna Hickstein–Foley, Chicago, IL, for William Underwood.

Gerardo Gutierrez, Chicago, IL, for Christopher B. Messino.

Robert L. Gevirtz, Gevirtz, Born & Kissel, Northfield, IL, for Blaise Messino.

Joseph R. Lopez, Chicago, IL, for Paul Messino.

Walter Jones, Jr., Chicago, IL, for Thomas Hauck.

Edna Selan Epstein, Chicago, IL, for Gray Chrystall.

Leland Shalgos, Chicago, IL, for Daniel C. Shoemaker.

Steven A. Greenberg, Chicago, IL, Richard Friedman, Chicago, IL, for Lawrence Thomas.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is the pending portion of defendant Clement A. Messino's Motion to Exclude Evidence Seized During Execution of Warrants of Seizure and Monition Pursuant to Civil Forfeiture Proceedings.[1]

## I. INTRODUCTION

The court first commented on this motion in its Memorandum Opinion and Order dated December 19, 1994, 1994 WL 722742, at *1–3. In that opinion the court denied the motion insofar as it sought to exclude certain evidence based on an alleged violation of Rule 16 of the Federal Rules of Criminal Procedure and to exclude certain evidence based on a claimed violation of *United States v. James Daniel Good Real Property*, —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993).

As explained in the December 19 opinion, there were two types of warrants executed in a parallel civil forfeiture proceeding—realty warrants and personalty warrants—at issue in this motion. The realty warrants, there seems to be no dispute, violate the principle of the *Good* case. The personalty warrants, the court has held, do not. What was left to resolve after the December 19 opinion was whether the government could rely on either the coverage of the realty warrants or the plain view doctrine to validate the seizure of items in question. Eventually, the government abandoned the plain view doctrine as a basis for valid seizure of the evidence in question on this motion, leaving only issues of the validity and coverage of the personalty warrants. The three warrants relied upon are attached as exhibits to the Government's Amended Response to Defendant Clement Messino's Motion to Exclude Evidence Seized During Execution of Warrants and Monition ("Government's Amended Response").

The general validity of the warrants is attacked in part on the basis that the probable cause finding was tainted by illegally obtained evidence. The court does not consider that issue part of this motion, rather considering that issue part of the taint hearing stemming from the court's previous suppression of evidence. Defendant will therefore, through the taint hearing, get another bite at the suppression apple, although, as discussed below, only one item of evidence survives the motion. As far as coverage of the warrants, the parties agreed that no hearing was necessary, and instead simply

---

1. For general background on this case *see United States v. Messino*, 871 F.Supp. 1035 (N.D.Ill. 1995), and opinions cited therein, *id.* at 1037–38.

argued the motion. This opinion will therefore resolve coverage issues based on the submitted papers and arguments. The fact that the parties have so narrowly focused the issues allows for some brevity.

## II. BACKGROUND LAW

The court first discusses two principle points of Fourth Amendment law central to disposition of the coverage issue.

### A. A Warrant is Held to its Scope

■ It is axiomatic that a warrant is held to its scope. "A warrant assures citizens that the intrusion is warranted by law and that it is narrowly limited in its objectives and scope." *Craft v. Pace of South Holland,* 803 F.Supp. 1349, 1355 (N.D.Ill.1992) (citing *New York v. Burger,* 482 U.S. 691, 703, 107 S.Ct. 2636, 2644, 96 L.Ed.2d 601 (1987)). Where this comes into play on this motion is that a warrant of seizure and monition cannot be used as a general search warrant. To do so would constitute the sort of "exploratory rummaging" or "excessive seizures" barred by the Fourth Amendment. *See United States v. Bentley,* 825 F.2d 1104, 1110 (7th Cir.), *cert. denied,* 484 U.S. 901, 108 S.Ct. 240, 98 L.Ed.2d 198 (1987). The government at argument did not contradict defendant's argument to this effect. Defendant's point is that if all the warrant authorized officers to do was seize certain items, the warrant could not justify a general search for incriminating evidence. Of course, a seizure that satisfied the plain view exception to the warrant requirement would pass Fourth Amendment muster, *see generally Horton v. California,* 496 U.S. 128, 133–36, 110 S.Ct. 2301, 2306–07, 110 L.Ed.2d 112 (1990), but the government made clear at argument that it was not relying on that or any other exception to the warrant requirement. By the government's position, the seizure of the seven items the government seeks to introduce must be covered by a valid warrant, or the seizure was illegal.

■ Another, related point derives from these observations: authorization to seize an item is not authorization to seize evidence of the item. The most obvious example here would be the distinction between seizing a check and seizing a copy of a check. Where a warrant only authorizes seizure of the item of value, evidence of the item is not then subject to seizure. To hold otherwise would convert the seizure warrant into a general search warrant, a proposition the government has not even forwarded. That evidence might be subject to seizure under plain view, but the government is only defending seizure based on the items being described by the warrants.

### B. Relevance of the Kind of Warrant at Issue

■ Defendant emphasizes at oral argument that the warrants at issue are warrants of seizure and monition, not search warrants. Reading the warrants on their face, that statement is true, in the sense that no search for evidence is authorized by the warrants. But of course the authority to seize an item involves some authority to search for the item. The test, as discussed above, concerns whether the seized items fit under the description in the warrant.

## III. PARTICULARITY REQUIREMENT

The Fourth Amendment requires that a warrant "particularly describ[e] . . . the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. That the warrants at issue meet these requirements is clear based on the language of the warrants and the basic background circumstances of their execution.

■ The warrants are particular as to place because of their specification of the addresses. *See* 2 WAYNE R. LAFAVE, SEARCH AND SEIZURE § 4.5(a), at 208 (2d ed. 1987) ("As to premises in an urban area, the most common practice is to identify the place by street address, which is sufficient." (footnote omitted)). This is uncontested by defendant, and, absent some allegation of misidentification or the like, could be a point of no great controversy.

■ As far as particularity regarding the things to be seized, again the warrants pass muster. The warrants authorize the seizure of "any and all safes, vaults or lockboxes and

the contents thereof, and any and all currency, monetary instruments, and investment documents located at" three addresses. Reasonableness is the key. "The description must be as particular as the circumstances reasonably permit." *Bentley*, 825 F.2d at 1110. Under these circumstances, the warrants mirrored one of the Verified Complaint for Forfeiture's probable cause allegations. (Verified Complaint for Forfeiture, No. 91 C 5783, ¶ 29.) The items in the warrant, in fact, constitute defendant property. The description under these circumstances is as particular as required. *See Bentley*, 825 F.2d at 1110.

Accordingly, the court finds that the three warrants at issue meet the particularity requirement of the Fourth Amendment.

## IV. COVERAGE ISSUES

The remaining task is to determine whether the seven contested items were covered. The court refers to these items by exhibit numbers, as listed in the Government's Amended Response.

### A. Government Exhibit 1: Informal Promissory Note

■ Government Exhibit 1 is a short note dated August 21, 1991, and apparently signed by Wayne M. Dennis. The note reads: "This is a promissory note that Wayne M. Dennis owes Clem Messino $20,000." The court holds the item is covered by a warrant. The relevant warrant covers, in pertinent part, "any and all currency, monetary instruments, and investment documents." Defendant argues that the inability of the note to be enforced or transferred is a barrier to considering it seizable under the warrant. But it is reasonable under the circumstances for an officer to seize such an item as a monetary instrument or investment document. To hold otherwise would be to impose on seizing officers a duty under these circumstances to fully evaluate whether a monetary instrument may be easily enforced before seizing it. The court makes no holding as to the effect of negotiability on seizure pursuant to civil forfeiture of assets. This is not a commercial paper question; it is a Fourth Amendment reasonableness question. The court holds Exhibit 1, regardless of the ease with which it could be negotiated, was reasonably seized.

### B. Government Exhibits 2, 4, 5, and 6

■ Government Exhibits 2, 4, 5, and 6 are cashier's check receipts, copies of checks, and bank statements and materials. Indisputably they have no value in and of themselves; rather they are evidence of there being something valuable, which is not the same thing, as discussed above. It was therefore not reasonable to seize the items based on direct coverage of a warrant. It could be said that the same thesis that avoids suppression of Exhibit 1 should avoid suppression on these exhibits. But even casual examination of these exhibits, unlike that of Exhibit 1, leads to the conclusion that these exhibits are not covered by a warrant. Accordingly, said exhibits are not covered by a seizure warrant, and are suppressed as evidence.

### C. Government Exhibit 3: Correspondence and Invoices Related to Automobile Restoration

■ These documents and objects (the exhibit includes license plates), are simply not monetary investments or investment documents (as reasonably contemplated by the warrants read in their context). The documents are in the nature of billing and correspondence regarding billing directed to Clement Messino. One could argue the court's analysis under Exhibit 1 would leave such documents covered. But here it is a much greater stretch to conclude that those documents were seized as monetary instruments or investment documents. Accordingly, said exhibit is not covered by a seizure warrant, and is suppressed as evidence.

### D. Government Exhibit 7: Chicago Airlines, Inc., Documents

■ Government Exhibit 7 is a folder of documents related to investing in a concern called Chicago Airlines, Inc. These documents are related to an investment. But the warrant term "investment documents" must be read in its context. The warrants of

seizure and monition were executed pursuant to a civil forfeiture. Defendant persuasively argues that to include documents that relate to or describe an investment would unreasonably stretch the warrants. These were not search warrants for evidence of assets, recall. That said, the only close call is the "UNIT PURCHASE AGREEMENT," or more accurately, the document marked "COPY" of such an agreement. Even assuming the agreement itself could be validly seized, this document is prominently marked "COPY," removing any doubt.[2] Accordingly, Exhibit 7 is suppressed as evidence.

## CONCLUSION

Defendant Clement A. Messino's Motion to Exclude Evidence Seized During Execution of Warrants of Seizure and Monition Pursuant to Civil Forfeiture Proceedings is granted in part and denied in part. Government Exhibits 2, 3, 4, 5, 6, and 7 from oral argument are suppressed as evidence. Further evidence attributable to said exhibits are suppressed according to law. Any taint issues should be raised at the taint hearing previously scheduled.

2. The court again emphasizes that the government does not rely on an exception to the warrant requirement here or in any instance.