THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAWRENCE W. KRIZEK, Defendant-Appellant.

Second District    No. 2—93—0564

Opinion filed March 22, 1995.

George P. Lynch, of George Patrick Lynch, Ltd., of Downers Grove, and M. Jacqueline Walther, of Kielian & Walther, of Chicago, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and Lisa A. Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Lawrence W. Krizek, appeals an order of the circuit court of Du Page County denying his motion to dismiss his criminal indictment. Defendant contends that the double jeopardy clauses of the United States and Illinois Constitutions bar the State from maintaining its criminal indictment against him since the State has seized his property in a related civil forfeiture action. We affirm the trial court's order and remand the cause for further proceedings.

Given the nature of the issues raised in the present appeal, the facts in the record may be summarized briefly. On January 22, 1991,

defendant allegedly made a drug delivery to an informant, William Mackey, at defendant's home at 611 North Route 53, in Lombard, Illinois. On that date, defendant was arrested, and the police searched his home pursuant to a warrant. During the search, the police located and seized defendant's personal property, including savings bonds, firearms, and cash. Defendant was initially charged by complaint with unlawful delivery of a controlled substance containing more than 15 but less than 100 grams of cocaine (Ill. Rev. Stat. 1991, ch. 56$^1$/2, par. 1401(a)(2)(A) (now 720 ILCS 570/401(a)(2)(A)(West 1992))). An indictment for the same offense was filed on February 13, 1991.

Meanwhile, on January 28, 1991, the State filed a verified complaint for forfeiture of the residential property and the personal property, civil case No. 91—MR—0063, pursuant to the provisions of the Illinois Controlled Substances Act (Controlled Substances Act) (Ill. Rev. Stat. 1991, ch. 56$^1$/2, par. 1505 et seq. (now 720 ILCS 570/ 505 et seq. (West 1992))) and the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (Ill. Rev. Stat. 1991, ch. 56$^1$/2, par. 1671 et seq. (now 725 ILCS 150/1 et seq. (West 1992))). A lis pendens was placed on defendant's home, and a forfeiture warrant was executed. As a result of the seizure proceedings, defendant was required to pay rent to the Lombard police department. At the time defendant filed this appeal, the trial court in the forfeiture action had not entered an order of forfeiture.

On November 17, 1992, defendant filed a motion to dismiss the criminal indictment. In the motion, defendant alleged that the seizure of his home and personal property constituted a prior punishment for the same offense and to proceed in the criminal case would therefore amount to a violation of the constitutional protection against double jeopardy afforded by the United States and Illinois Constitutions. On May 5, 1993, the trial court denied defendant's motion. Defendant filed this timely appeal pursuant to Supreme Court Rule 604(f), which permits the appeal to the appellate court of the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy. 145 Ill. 2d R. 604(f).

Defendant's appeal confronts us with two issues: (1) whether the seizure of defendant's home constitutes a "punishment" for double jeopardy purposes; and (2) at precisely what point jeopardy attached in the forfeiture proceeding.

The double jeopardy clause of the fifth amendment to the United States Constitution reads: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." (U.S. Const., amend. V; see also Ill. Const. 1970, art. 1, § 10 ("No person shall be

*** twice put in jeopardy for the same offense").) The underlying principle of the double jeopardy clause is that "a person shall not be harassed by successive trials; that an accused shall not have to marshal the resources and energies necessary for his defense more than once for the same alleged criminal acts." (*Abbate v. United States* (1959), 359 U.S. 187, 198-99, 3 L. Ed. 2d 729, 736, 79 S. Ct. 666, 673.) This principle is "deeply ingrained in at least the Anglo-American system of jurisprudence" (*Green v. United States* (1957), 355 U.S. 184, 187, 2 L. Ed. 2d 199, 204, 78 S. Ct. 221, 223), and it traces its roots "deep into Greek and Roman times" (*Bartkus v. Illinois* (1959), 359 U.S. 121, 151-52, 3 L. Ed. 2d 684, 706, 79 S. Ct. 676, 696 (Black, J., dissenting)).

■ The double jeopardy clause is designed to protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense when sought in separate proceedings. (*United States v. Halper* (1989), 490 U.S. 435, 440, 104 L. Ed. 2d 487, 496, 109 S. Ct. 1892, 1897; *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664-65, 89 S. Ct. 2072, 2076.) The third of these protections—the bar against multiple punishments—is the subject of this appeal.

■ To determine whether the State's attempt to prosecute criminally a defendant under the Illinois Criminal Code following a forfeiture contravenes the double jeopardy clause, we must consider two questions: (1) did the civil forfeiture under the Act amount to a "punishment" for double jeopardy purposes?; and (2) was there a separate prosecution in each case? The criminal prosecution in the present case violates the double jeopardy clause only if we answer both questions in the affirmative. (See *United States v. $405,089.23 United States Currency* (9th Cir. 1994), 33 F.3d 1210, 1216.) Our review of recent double jeopardy jurisprudence leads us to the conclusion that the mere seizure of defendant's property does not, by itself, constitute punishment for double jeopardy purposes. Since this conclusion is dispositive of the appeal, we need not address the issue of when jeopardy attached in the forfeiture proceeding.

Defendant argues that the State's seizure of his home constitutes a punishment for double jeopardy purposes. According to defendant, the seizure is an invasive and substantial deprivation of his property because it terminated his previously unfettered custody and control over the property. It is the termination of this custody and control, defendant argues, that constitutes punishment.

The State argues that a defendant is punished in a civil forfeiture case when he loses ownership of the property, not when the

State merely seizes the property. According to the State, the defendant's ownership of the property can be extinguished only by the entry of an order of forfeiture and, since an order of forfeiture has not been entered in the present case, the defendant has not been "punished" for double jeopardy purposes.

■ Recently, in *People v. Towns* (1995), 269 Ill. App. 3d 907, we determined that a civil forfeiture under the Forfeiture Act constitutes punishment and, on the basis of former jeopardy, bars any further punishment in a separate but parallel criminal prosecution. (See also *Department of Revenue v. Kurth Ranch* (1994), 511 U.S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937; *United States v. $405,089.23 United States Currency* (9th Cir. 1994), 33 F.3d 1210, 1216.) However, unlike the situation in *Towns*, we must now determine whether the seizure of property constitutes punishment for double jeopardy purposes when the seizure occurs before the trial court enters an order of forfeiture.

Neither party has cited, nor has our own research revealed, any Illinois cases addressing this issue within the framework of the recent double jeopardy jurisprudence of the Supreme Court (see *Department of Revenue v. Kurth Ranch* (1994), 511 U.S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937; *Austin v. United States* (1993), 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801; *Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892), and this court (see *Towns*, 269 Ill. App. 3d at 918-19). However, several Federal courts have addressed this issue and concluded that the seizure of a defendant's property does not, by itself, constitute punishment for purposes of the double jeopardy clause.

For instance, in *United States v. Stanwood* (D. Or. 1994), 872 F. Supp. 791, the defendant argued that the government's initial seizure of his property constituted punishment. The court disagreed and held that the government's seizure of the defendant's property at the outset of the civil forfeiture action did not constitute punishment for double jeopardy purposes. (872 F. Supp at 799.) The court observed that Federal civil forfeiture procedure provides that the defendant's ownership rights in the property remained unaltered until the court entered a final judgment forfeiting the property to the government. According to the court, unless a final judgment is entered, the defendant has not been punished for double jeopardy purposes, because "[c]ommon sense compels the conclusion that punishment occurs when meted out by the court, not before." *Stanwood*, 872 F. Supp. at 799.

Similarly, in *United States v. Messino* (N.D. Ill. 1994), 871 F. Supp. 1027, the defendant argued that the court should dismiss his

criminal indictment because the indictment violated the protection against double jeopardy. The defendant argued that the government's act of freezing his assets in a parallel forfeiture proceeding constituted the initial jeopardy. The court, relying on *United States v. Torres* (7th Cir. 1994), 28 F.3d 1463, held that "the unavailability of [defendant's] assets is not a punishment for jeopardy purposes." *Messino*, 871 F. Supp. at 1032.

■ Our review of Illinois civil forfeiture procedure compels us to follow the reasoning of *Stanwood* and *Messino* and hold that a defendant is not punished for double jeopardy purposes when the State seizes his property pursuant to the Forfeiture Act. The State instituted civil forfeiture proceedings against defendant's property under section 9 of the Forfeiture Act. In cases arising under the Forfeiture Act, the State must show the existence of probable cause for forfeiture of the property. (725 ILCS 150/9(G) (West 1992).) An owner or interest holder in the seized property is known as a claimant. (725 ILCS 150/9(C) (West 1992).) If the State shows probable cause, the claimant has the burden of showing by a preponderance of the evidence that the claimant's interest in the property is exempt from forfeiture. (725 ILCS 150/9(G) (West 1992).) The trial court shall order the property forfeited to the State if the State shows the existence of probable cause and the claimant does not establish by a preponderance of the evidence that the claimant's interest in the property is exempt from forfeiture. 725 ILCS 150/9(H) (West 1992).

■ ■ Consequently, although the seizure of real property under the Forfeiture Act marks the beginning of the civil forfeiture process, the actual seizure itself has limited legal significance. The act of seizure neither extinguishes the ownership rights of claimants to the property, nor does it vest title in the State. The respective ownership rights of the parties remain unaltered until such time as the trial court enters its final judgment. Until final judgment is entered, the claimant has the opportunity to retain his ownership rights in the property. Common sense dictates that it is the deprivation of ownership, not the deprivation of the unencumbered use of the property, that determines when punishment for double jeopardy purposes occurs. The State's seizure of defendant's property, therefore, does not constitute punishment for double jeopardy purposes (see *Stanwood*, 872 F. Supp. at 799; *Messino*, 871 F. Supp. at 1032), and the State's attempt to prosecute defendant under the Illinois Criminal Code does not contravene the double jeopardy clause.

Defendant cites *United States v. James Daniel Good Real Property* (1993), 510 U.S. 43, 126 L. Ed. 2d 490, 114 S. Ct. 492, in support of his argument that the seizure of his property constitutes punish-

ment for double jeopardy purposes. In *James Daniel Good Real Property*, the Supreme Court held that, absent exigent circumstances, the due process clause requires the government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture. (510 U.S. at 61-62, 126 L. Ed. 2d at 508-09, 114 S. Ct. at 505.) Defendant's argument, as we read it, appears to be an attempt to convert a due process argument into a double jeopardy argument.

We find *James Daniel Good Real Property* inapposite to our holding today. We do not dispute the Supreme Court's observation that the seizure of real property pursuant to a civil forfeiture action deprives an individual "of valuable rights of ownership, including the right of sale, the right of occupancy, the right to unrestricted use and enjoyment, and the right to receive rents." (*James Daniel Good Real Property*, 510 U.S. at 54, 126 L. Ed. 2d at 503, 114 S. Ct. at 501.) However, we do not read *James Daniel Good Real Property* to suggest that a deprivation of property which violates the due process clause because of defective notice also constitutes a punishment for double jeopardy purposes. If defendant is aggrieved by the seizure and detention of his property and the delay in the proceedings, his remedy is to take advantage of the provisions of the Forfeiture Act and to pursue a timely adjudication of his claim. Without support from subsequent legal authority, we decline to accept defendant's view that *James Daniel Good Real Property* supports the argument that mere seizure constitutes punishment for double jeopardy purposes.

For the reasons stated above, the circuit court of Du Page County is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

INGLIS and COLWELL, JJ., concur.