THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER D. SMITH, Defendant-Appellant.

Second District    No. 2—95—0016

Opinion filed October 13, 1995.

Timothy K. Mahoney, Donald M. Tegeler, Jr., and Charles E. Nave, all of McNamee, Mahoney & Nave, Ltd., of Dundee, for appellant.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Lisa Anne Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Christopher Smith, was charged with three drug offenses in July 1992. A nonjudicial forfeiture proceeding was also instituted by the State's Attorney against $106 in United States currency allegedly seized from defendant in connection with the charged offenses. The State's Attorney declared the funds forfeited on September 28, 1992. Defendant appeals from the trial court's denial of his motion to dismiss the criminal proceeding against him on the basis of former jeopardy (see 145 Ill. 2d R. 604(f)). We affirm and remand.

Defendant argues on appeal that the trial court violated the constitutional prohibition against double jeopardy when it denied his motion to dismiss and permitted the State to proceed with the criminal prosecution of defendant. In claiming there was a former jeopardy, defendant asserts that the State had already "punished" him by declaring his property forfeited pursuant to the nonjudicial forfeiture provisions of section 6 of the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1676 (now 725 ILCS 150/6 (West 1994))) notwithstanding the State's rescission of its declaration of forfeiture for failure to notify defendant properly of the forfeiture proceeding. It is undisputed that defendant did not receive the statutory notice of the nonjudicial forfeiture proceeding.

The trial court concluded that the earlier forfeiture was void *ab initio* for lack of notice, and the court denied defendant's motion to dismiss the criminal prosecution. Under the facts presented, we similarly conclude that the purported "forfeiture" was void for lack of due process notice to defendant. We also conclude that there was no "punishment" upon which jeopardy could attach so as to prohibit the criminal prosecution of defendant.

Defendant was arrested on July 17, 1992, near 675 Wellington, Elgin, Illinois, for the alleged delivery of less than one gram of cocaine. He was indicted in July 1992 for unlawful delivery of a controlled substance (cocaine) (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1401(d) (now 720 ILCS 570/401(d) (West 1994))), unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1402(c) (now 720 ILCS 570/402(c) (West 1994))), and unlawful possession of cannabis (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 704(b) (now 720 ILCS 550/4(b) (West 1994))).

According to the allegations of defendant's motion to dismiss the

criminal charges, the sum of $106 was seized from defendant at the time of arrest, along with a small amount of a substance alleged to be cannabis. The appended exhibits show that, on August 12, 1992, the Kane County State's Attorney issued a "Notice of Pending Forfeiture" of $106 to Christopher D. Smith, whose address was listed as 373 Jay Street, Elgin, Illinois. The notice contained a summary of the procedural right to file, within 45 days, a claim for the return of the property and a required bond or affidavit of indigence. The notice stated that the failure to file a claim would result in the forfeiture of any interest in the property to the State. However, at the time, defendant was incarcerated in the county jail, did not receive the notice, and failed to file a claim for the property.

According to defendant's motion and exhibits, on September 28, 1992, the State's Attorney issued a "Declaration of Forfeiture" of the funds stating that the 45-day statutory claim period had run, and since no verified claim had been filed with the State's Attorney's office, the $106 was declared forfeited. The appended proof of service listed defendant's address as 373 Jay Street, Elgin. The exhibits indicate that the funds were then distributed to various law enforcement agencies.

At the hearing on the motion to dismiss, the State stipulated to defendant's exhibits, and the parties agreed that defendant did not receive the notice of the pending forfeiture because he was confined to the county jail. Relying on recent developments in the law of double jeopardy, defendant argued that the declaration of civil forfeiture, even if rescinded, was nevertheless a penalty or punishment precluding further prosecution. (See, *e.g.*, *United States v. McCaslin* (W.D. Wash. 1994), 863 F. Supp. 1299, 1306 (regardless of the order of the civil and the criminal proceedings, double jeopardy clause will bar second sanction if both first and second sanctions are deemed punishment).) The State maintained, among other things, that since there had been no adjudication that the property, in fact, belonged to defendant and since no claim was filed, defendant could argue neither that he was punished nor that he even had standing to make a claim of double jeopardy.

The trial court found that the forfeiture was void *ab initio* for lack of notice. The assistant State's Attorney represented that a rescission of the forfeiture would be entered. (A copy of the notice of rescission of forfeiture, dated December 6, 1994, has been supplied with the defendant's brief. Although not officially of record, the parties have partially relied on it in stating the facts of the case.)

■ The double jeopardy clauses of the United States and the Illinois Constitutions protect "against three distinct abuses: (1) a second

prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense when sought in separate proceedings." (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10; *People v. Towns* (1995), 269 Ill. App. 3d 907, 910, citing *United States v. Halper* (1989), 490 U.S. 435, 440, 104 L. Ed. 2d 487, 496, 109 S. Ct. 1892, 1897.) "The fundamental purpose of the double jeopardy clause is to protect an accused from being forced to defend against repeated attempts to exact one or more punishments for the same offense and applies with equal force whether the first prosecution results in a conviction or an acquittal." *Towns*, 269 Ill. App. 3d at 911, citing *Abbate v. United States* (1959), 359 U.S. 187, 198-99, 3 L. Ed. 2d 729, 736, 79 S. Ct. 666, 672-73.

■ The parties agree, at least in principle, that a civil forfeiture of a defendant's property, if deemed legally to be a punishment for the same conduct or offense that is also the subject of a separate criminal prosecution, precludes further punishment under the law of double jeopardy as it currently exists. See *Towns*, 269 Ill. App. 3d 907 (completed civil forfeiture proceeding against property of defendant, who appeared in forfeiture proceeding as a claimant, constituted punishment for double jeopardy purposes and barred further criminal prosecution of defendant), relying on *Department of Revenue v. Kurth Ranch* (1994), 511 U.S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937 (financial exaction in form of tax imposed only on persons arrested for drug offenses constituted separate punishment for double jeopardy purposes), and *Austin v. United States* (1993), 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (forfeiture statute's objectives were to deter and punish and did not serve solely a remedial purpose so that forfeiture was a punishment subject to limitations of eighth amendment's excessive fines clause).

It is undisputed here that there were two separate proceedings initiated by the State. Thus, the central question before us is whether the State's Attorney's "void" declaration of forfeiture was a "punishment" for double jeopardy purposes so as to preclude further criminal prosecution of defendant. In order to answer this question, we must necessarily decide what was the legal effect of the court's finding that the administrative forfeiture was void *ab initio*. Defendant argues that he was in fact "punished" even though the declaration of forfeiture was later rescinded. However, defendant cites no authority directly on point which holds that the deprivation of the property, from the time of seizure until the time forfeiture was declared void and was rescinded, constituted punishment for double jeopardy purposes. Because of its unique procedural posture, this case is one of first impression in this jurisdiction.

In *People v. Krizek* (1995), 271 Ill. App. 3d 533, this court determined that, in a judicial forfeiture proceeding, the mere seizure and detention of a defendant's property under the Forfeiture Act until a final judgment of forfeiture was entered did not constitute punishment for double jeopardy purposes so as to preclude the criminal prosecution of defendant. (*Krizek*, 271 Ill. App. 3d at 538.) The court reasoned that it is the deprivation of ownership, not the temporary deprivation of the use of the property, that determines when the punishment occurs. This court further concluded that a temporary deprivation of valuable property rights which violates due process because of a defective notice will not necessarily be deemed a punishment for double jeopardy purposes. *Krizek*, 271 Ill. App. 3d at 538-39.

In the present case, the State's Attorney initiated a *nonjudicial* administrative forfeiture proceeding that the court declared void *ab initio* for the State's failure to serve effective notice to defendant. The procedures provided in Illinois' Forfeiture Act are analogous to those of its Federal counterpart. (See 21 U.S.C.A. § 881(d) (West Supp. 1995); 19 U.S.C.A. § 1607 *et seq.* (West Supp. 1995); see, *e.g.*, *United States v. Woodall* (8th Cir. 1993), 12 F.3d 791 (describing procedure as incorporating those under Federal customs laws).) Our Forfeiture Act is to be construed in light of the Federal forfeiture provisions (*e.g.*, 21 U.S.C.A. § 881 (West 1981) as interpreted by the Federal courts. 725 ILCS 150/2 (West 1994).

■ The effect of the court's finding that the State's Attorney's administrative forfeiture proceeding was void *ab initio* was to render the proceeding null and ineffective as to defendant because the State's Attorney failed to provide him the notice that due process requires. "The guarantee of due process of law extends to every governmental proceeding which may interfere with personal or property rights, whether the process be legislative, judicial, administrative, or executive." (*People ex rel. Harris v. Parrish Oil Production, Inc.* (1993), 249 Ill. App. 3d 664, 667.) "[D]ue process of law, at a minimum, prohibits the deprivation of property without providing notice and an opportunity for a hearing appropriate to the nature of the case." *Harris*, 249 Ill. App. 3d at 668.

■ "A fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Stratton v. Wenona Community Unit District No. 1* (1990), 133 Ill. 2d 413, 432; see *People v. Braden* (1993), 243 Ill. App. 3d 671, 677; see also *Robinson v. Hanrahan* (1972), 409 U.S. 38, 34 L. Ed. 2d

47, 93 S. Ct. 30 (in forfeiture proceeding, where State mailed notice to defendant's home address while defendant was confined to county jail, notice was not reasonably calculated to apprise owner of pendency of proceeding and deprived owner of due process of law even though manner of service was permissible under State statute).) The parties agree that defendant did not receive notice of the proceeding. Thus, where defendant's address at the jail was readily ascertainable by the State and notice was sent to his home address, the notice was not reasonably calculated to apprise him of the pending forfeiture proceeding and the inadequate notice violated due process. *Hanrahan*, 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct. 30; *Braden*, 243 Ill. App. 3d at 678.

■ A decision by a unit of government may be declared void and may be set aside where the governmental unit proceeds without giving the required statutory or due process notice to an interested party. See, *e.g., Interstate Contractors v. Industrial Comm'n* (1980), 81 Ill. 2d 434 (arbitrator's award set aside as void for lack of jurisdiction and violated due process where respondent did not receive notice of proceeding); *Greenlee Tool v. Industrial Comm'n* (1993), 245 Ill. App. 3d 500 (arbitrator lacked jurisdiction over parties and decision was deemed void where statutory notice was not sent to respondent); *Ad-Ex, Inc. v. City of Chicago* (1991), 207 Ill. App. 3d 163 (in zoning case, notice requirement was jurisdictional prerequisite, city's failure to give notice rendered zoning change invalid, and resulting settlement agreement was void *ab initio*); *Kelly v. Lunding* (1985), 131 Ill. App. 3d 410 (in Federal tax delinquency case, where notice to landowner was mandatory and landowner's whereabouts were readily ascertainable but Federal revenue officer failed to give effective notice to owner, tax sale was void *ab initio* and resulting tax deed was void); see also *In re C.R.H.* (1994), 163 Ill. 2d 263 (minor's and parent's rights of due process were violated for lack of proper notice in delinquency proceeding; court lacked jurisdiction and orders were rendered void); *Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 811 ("due process requires the joinder of all indispensable parties to an action; as a result, an order entered without jurisdiction over a necessary party is void"; judgment quieting title to property was void *ab initio* for failure to join party who might have substantial interest therein).

Here, the State's Attorney's authority to declare property administratively forfeited is governed by statute, and his authority to do so must be strictly circumscribed by the provisions of the statute and the requirement of due process. (See *City of Chicago v. Fair Employment Practices Comm'n* (1976), 65 Ill. 2d 108, 112 (administra-

tive order to pay attorney fees entered without statutory authority was void and could be attacked at any time or in any court, either directly or collaterally).) We hold that the State's Attorney's failure to give the effective notice required by due process rendered the administrative forfeiture void for lack of jurisdiction.

Our holding also finds strong support in Federal decisions which have similarly concluded that the failure to give the required effective notice to an interested claimant rendered the forfeiture proceeding void. See *Ramirez v. United States* (M.D. Fla. 1991), 767 F. Supp. 1563, 1570 (where government fails to follow statutory administrative forfeiture procedure, court will set aside forfeiture); *Winters v. Working* (W.D. Tex. 1980), 510 F. Supp. 14 (where address of claimant was known, insufficient notice to claimant of administrative forfeiture hearing was violation of due process even though notice was made in accordance with statute; forfeiture proceeding held void); *Jaekel v. United States* (S.D.N.Y. 1969), 304 F. Supp. 993 (summary administrative forfeiture of vehicle held void for violation of due process where notice to owner by publication was insufficient); see also *Woodall*, 12 F.3d at 793-95 (judicial review is fundamental safeguard against government agencies and public officials who wrongfully seize or hold citizen's property; if government has incarcerated claimant who did not receive actual notice of administrative forfeiture in time to decide whether to compel agency to proceed by judicial condemnation, he is entitled to have forfeiture declaration voided; cause remanded for further findings).

■ A "void" transaction or instrument is one which is "[n]ull; ineffectual; nugatory; having no legal force or binding effect; unable, in law, to support the purpose for which it was intended *** [and] wholly ineffective, inoperative, and incapable of ratification and which thus has no force or effect so that nothing can cure it." (Black's Law Dictionary 1573 (6th ed. 1990).) A "void judgment" is one "which, from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree." (Black's Law Dictionary 1574 (6th ed. 1990).) Likewise, a void forfeiture proceeding has no legal force or binding effect and is incapable of binding the parties or of supporting a right claimed in reliance on the validity of the proceeding.

■ Since defendant was not properly served and never became a party to the voided forfeiture proceeding, the declaration of forfeiture was without legal effect and can support no right of ownership of either party in the subject property. Because the declaration of

forfeiture was legally invalid and ineffective, neither defendant nor his purported ownership interest in the property was effectively at risk or in jeopardy, and there was no "punishment" for double jeopardy purposes.

The "at risk" requirement for a double jeopardy claim of the type under consideration here is illustrated in *United States v. Torres* (7th Cir. 1994), 28 F.3d 1463. In that case, Torres, a criminal defendant involved in a cocaine transaction who had notice of the administrative forfeiture proceeding, did not appear as a claimant in the forfeiture proceeding. As a result, the $60,000 used to pay for the cocaine transaction was declared forfeited. The reviewing court determined that, as a nonparty, Torres was not placed "at risk" of punishment in the forfeiture proceeding and that jeopardy did not attach so as to bar punishment in the criminal proceeding. The court reasoned that, since Torres did not make a claim in the forfeiture proceeding, the court had no basis to believe that he actually owned or had any interest in the money. (*Torres*, 28 F.3d at 1465.) Thus, if he lacked an interest in the cash, its forfeiture did not impose any penalty on him. *Torres*, 28 F.3d at 1466.

In *Towns*, 269 Ill. App. 3d at 918-19, this court adopted the reasoning of *Torres* and likewise concluded that a defendant who never appeared in a civil nonjudicial forfeiture proceeding was never placed in jeopardy so as to bar further criminal prosecution. Despite having received that statutory notice of forfeiture, defendant Towns made no claim to the money to be forfeited, and he thus never became a party to the proceeding. Since Towns did not make himself a party to the proceeding, he was never "at risk"; no jeopardy attached and no punishment was imposed on him which would legally bar his subsequent criminal conviction. The guiding principle derived from these cases is that a potential claimant who remains a nonparty and does not participate in the forfeiture proceeding is not placed legally "at risk" for double jeopardy purposes. See *United States v. Kemmish* (S.D. Cal. 1994), 869 F. Supp. 803, 805 (person from whom currency was seized, who did not claim currency in administrative forfeiture proceeding, was neither placed in jeopardy nor punished in the constitutional sense, since he did not participate as a party in a manner aimed at determining, at least in part, his personal culpability).

In the case at bar, no adjudication of defendant's interest in the property has taken place. Defendant was not properly made a party to the forfeiture proceeding and never participated in it. The declaration of forfeiture was itself a nullity and had no finality. The record does not disclose that defendant ever attempted to make a claim even after he became aware of the forfeiture proceeding. Even though

defendant may have been wrongfully deprived of notice in violation of his right of due process and may even have been temporarily deprived of his alleged interest in the property, we nevertheless hold that jeopardy did not attach and there was no effective "punishment" of defendant which would bar criminal prosecution. In light of *Krizek* and *Towns*, we decline to equate a due process violation with punishment for double jeopardy purposes under the particular facts presented. For the reasons stated, defendant's double jeopardy claim must fail.

The judgment of the circuit court of Kane County is affirmed, and the cause is remanded for further proceedings consistent with our resolution of the issues herein.

Affirmed and remanded.

DOYLE and RATHJE, JJ., concur.