Charles R. ROBINSON, IV,
Plaintiff–Appellant,

v.

Kenneth D. WINSLOW and Thomas
S. Mann, Defendants–Appellees.

No. 02–3577.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 18, 2003.*

Decided Jan. 13, 2004.

Charles R. Robinson, IV, pro se, Greenville, IL, for Plaintiff–Appellant.

Joshua D. Carter, Office of the Corporation Counsel, Springfield, IL, for Defendant–Appellee.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

## ORDER

Charles R. Robinson, IV, sued under 42 U.S.C. § 1983 to recover a total of $2,717.90 seized from him by Illinois law enforcement officials and forfeited in accordance with the Illinois Drug Asset Forfeiture Procedure Act ("Forfeiture Act"),

---

* After examining the briefs and record, we conclude that oral argument is unnecessary.

Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

725 ILL. COMP. STAT. 150 *et seq.* (2002). After dismissing two of the defendants from the lawsuit, the district court granted summary judgment for defendants Winslow and Mann on the ground that Robinson had failed to establish their personal involvement in the forfeiture of his money. The court also found insufficient evidence to establish liability against their employer, the City of Springfield, under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Robinson challenges only the grant of summary judgment in favor of defendants Winslow and Mann and the denial of his motion to amend his complaint. Robinson also requests that we issue an order requiring the Illinois state court to respond to his claim. We affirm the judgment and deny the request for a writ of mandamus.

Following Robinson's arrest on narcotics charges in May 1996, appellee Winslow seized $1,789.59 from Robinson's person, and appellee Mann signed paperwork approving the seizure and arrest. Notice of the seizure was sent to Assistant State's Attorney Delores Hurley, who subsequently reviewed the notice and marked it as accepted for forfeiture proceedings. Hurley states that she sent notice of the forfeiture proceedings to Robinson's known addresses in accordance with the Forfeiture Act, but Robinson alleges that he never received notice. Robinson failed to contest the forfeiture within the period allowed by the Forfeiture Act, and the funds were forfeited. The state eventually dismissed the criminal charges.

Robinson was arrested again in December 1996 for possession of a controlled substance and drug paraphernalia. During a search following the arrest, Sangamon County Officers Kirby and Powell seized $928.31 from Robinson to be forfeited in accordance with the Forfeiture Act. The money was forfeited, although Robinson again claims that he never received notice of the forfeiture. The State eventually dismissed the criminal charges in deference to a pending federal prosecution of Robinson.

When Robinson learned of the forfeitures several months after the criminal cases had closed, he filed two pro se motions to vacate the forfeitures under the case numbers of his dismissed criminal cases. The manager of the criminal division of the Sangamon County Circuit Court informed Robinson that the motions were not properly filed and advised him to seek legal counsel. Ignoring this advice, Robinson again tried to file his motions with the court. Although one of the motions was apparently never decided, the trial court that presided over the criminal charges filed after Robinson's first arrest denied the motion as untimely. Robinson appealed both motions to the Appellate Court of Illinois, which declined to address the forfeiture in each case because the records on appeal did not contain proof of the forfeitures.

Robinson then filed this action against the four officers who had a role in his arrest and the seizure of his funds. The district court eventually dismissed defendants Powell and Kirby from the lawsuit because Robinson had never served Powell with notice of the lawsuit and had settled with Kirby and Sangamon County. The dismissal left Winslow and Mann as the only named defendants, but, for unexplained reasons, the court also allowed Robinson to proceed against their employer, the City of Springfield, even though the city was never formally joined as a party to the lawsuit. Regardless, the court granted summary judgment for the defendants, holding that the State's Attorney's Office, not Winslow, Mann, or the City of Springfield, were responsible for providing

Robinson with notice of the proposed forfeiture. In its opinion, the court also briefly stated its belief that, even if the defendants had been personally responsible for the loss, there was no violation of Robinson's due process right because he could have availed himself of an adequate state postdeprivation remedy.

After Robinson learned that the State's Attorney's Office, not the police officers who arrested him, were responsible for providing notice under the Forfeiture Act, he filed a motion to amend his complaint to add the Office and its employees as defendants. The court denied the motion, holding that the statute of limitations barred a claim against Assistant State's Attorney Hurley and that the claim did not meet the standards of Federal Rule of Civil Procedure 15(c)(3) for relating back to the date of the complaint.

 As one of several grounds for its grant of summary judgment, the district court held that the forfeiture of Robinson's money did not violate his procedural due process rights because the loss was the result of a random and unauthorized act by a state employee, and sufficient postdeprivation procedures were available to remedy the loss. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). If this decision was correct, it resolves all issues on appeal, as the defendants would be entitled to summary judgment, and it would have been pointless to add Assistant State's Attorney Hurley as a defendant as there could not have been a violation of Robinson's constitutional rights. Therefore we begin our review of Robinson's appeal by considering whether his loss was the result of a random and unauthorized act and, if so, whether sufficient state postdeprivation remedies were available to remedy the loss.

In determining whether an actor's conduct was random and unauthorized, we consider whether the conduct was predictable. *Easter House v. Felder,* 910 F.2d 1387, 1400 (7th Cir.1990). Robinson argues that the violation of his right to due process occurred when Hurley failed to provide him with notice of the pending forfeiture as required by the Forfeiture Act. 725 ILL. COMP. STAT. 150/6(A). This violation of state law could not have been predicted by the state, and the conduct that caused Robinson's loss was therefore random and unauthorized. *See Veterans Legal Defense Fund v. Schwartz,* 330 F.3d 937, 941 (7th Cir.2003) (actions that are contrary to the laws of Illinois are random and unauthorized); *Hamlin v. Vaudenberg,* 95 F.3d 580, 585 (7th Cir.1996) (conduct in violation of state procedures is unpredictable and therefore random and unauthorized).

Accordingly, there was no violation of Robinson's due process rights if a suitable postdeprivation remedy existed for him to contest the forfeiture of his property. *See Hudson,* 468 U.S. at 533. Illinois courts have created a common-law right for property owners who did not receive notice as required by the Forfeiture Act to file a motion to vacate the forfeiture. *See, e.g., People v. $30,700 United States Currency,* 199 Ill.2d 142, 262 Ill.Dec. 781, 766 N.E.2d 1084 (2002) (analyzing motion to vacate for lack of notice); *In re Forfeiture of $2,354.00 United States Currency,* 326 Ill. App.3d 9, 260 Ill.Dec. 148, 760 N.E.2d 565 (2001) (affirming decision of trial court to vacate forfeiture); *People v. Smith,* 275 Ill.App.3d 844, 212 Ill.Dec. 200, 656 N.E.2d 797, 801 (1995) (listing cases in which a decision by a unit of government was declared void by Illinois courts for lack of

notice). The motion to vacate would have given Robinson the chance to argue for the return of his property, and therefore was a fully suitable remedy. *Cf. Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir.1991) (holding that a civil cause of action for wrongful conversion of personal property is an adequate postdeprivation remedy for drug-related property forfeitures).

Robinson does not deny that the motion to vacate exists, nor does he contend that it is an inadequate remedy. In fact, Robinson even attempted to avail himself of the remedy by filing a motion to vacate with the court that presided over his dismissed criminal charges. The fact that Robinson's attempt was unsuccessful does not establish that the motion to vacate is inadequate to protect his right to due process. *See Galdikas v. Fagan*, 342 F.3d 684, 693 n.5 (7th Cir.2003) (citing plaintiffs' state lawsuit as proof of the adequacy of postdeprivation remedies); *Hamlin*, 95 F.3d at 585 (holding that postdeprivation remedy must be "meaningless or nonexistent" to be inadequate). If Robinson believes that the state trial and appellate courts wrongfully denied him the opportunity to contest the forfeiture in accordance with state law, the only federal venue in which he could contest these state court decisions is the United States Supreme Court. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

■ After the dismissal of his motion to vacate in the criminal case, Robinson attempted to file another motion to vacate in circuit court. However, rather than initiating a new case, he tried to file his motion under the case number assigned by the State's Attorney's Office to the forfeiture.

Because the forfeiture was non-judicial, the clerk's office has no record of the forfeiture and has therefore refused to docket the motion. Robinson believes a writ of mandamus is now necessary to force the state court to hear his motion. However, a federal court does not have the general jurisdiction to direct a state court in the performance of its duties where a writ of mandamus is the only relief sought. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir.2001). A state court of review is the only court with the jurisdiction to provide such relief. *Id.* at 732. Therefore, Robinson's request for a writ of mandamus is denied.

AFFIRMED.