# Illinois Official Reports

## Appellate Court

***People v. Pena*, 2017 IL App (2d) 151203**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISIDRO PENA, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-1203 |
| Filed | May 16, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 14-CF-735; the Hon. John A. Barsanti, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Michelle Gonzalez, of Michelle Gonzalez & Associates PC, of Chicago, and John Paul Carroll, of Law Office of John Paul Carroll, of Naperville, for appellant.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Lawrence M. Bauer, and Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br>Justices Schostok and Birkett concurred in the judgment and opinion. |

¶ 1 Defendant, Isidro Pena, appeals the trial court's order that denied his "Motion for Return of Property." Defendant sought to vacate the administrative forfeiture of certain property, arguing that he did not receive notice of the forfeiture. The court held that the State's notice was sufficient and denied the motion. Defendant contends that the State's effort to notify him of the proceedings did not meet constitutional standards. We vacate and remand.

¶ 2 On April 27, 2014, a Kane County sheriff's deputy stopped a van that defendant was driving. Defendant was arrested and charged with money laundering (720 ILCS 5/29B-1(a)(1.5)(B)(ii) (West 2014)). Defendant's van was seized, along with $8986 and two cellular telephones. When he was arrested, defendant gave his address as 14960 Chatsworth Street, Mission Hills, California.

¶ 3 On May 7, 2014, the trial court reduced defendant's bond. Defendant's sister, Maria Delgadillo, posted bond. As conditions of his pretrial release, defendant was ordered to remain in Illinois and to report to pretrial services. On May 9, he reported for intake at pretrial services. He stated that he would be living with Delgadillo at 316 Marilyn in Glendale Heights. Subsequently, defendant attended all scheduled court appearances and continued to report to pretrial services, listing the Glendale Heights address.

¶ 4 The Kane County State's Attorney sought the administrative forfeiture of the van and the cash. At a later court hearing, the prosecutor represented that the State had sent notice of the forfeiture proceedings by certified mail to the Mission Hills, California, address. On July 3, 2014, the return receipt was returned as "UNCLAIMED UNABLE TO FORWARD." The prosecutor further represented that the State sent a declaration of forfeiture to the Mission Hills, California, address on July 7, 2014, and that a tracking service showed that the notice was left at that address.

¶ 5 During this time, the trial court denied defendant's motion to quash his arrest and suppress evidence. However, when the case was called for trial on April 15, 2015, the State nol-prossed the charges.

¶ 6 On May 1, 2015, defendant filed in the criminal case a motion for the return of his property. After several transfers between the criminal and civil divisions of the circuit court, the case was returned to the criminal division, where the court denied defendant's motion. Based on the prosecutor's representations, the court found that the State had complied with the relevant statute in that it sent notice by certified mail to defendant's last known address. Moreover, the statute placed the burden on defendant to notify the State of any address changes, and defendant had not notified the State's Attorney of his address change. Defendant timely appealed.

¶ 7 Defendant's property was forfeited pursuant to the money laundering statute. 720 ILCS 5/29B-1 (West 2014). The statute authorizes the forfeiture of any property "constituting, derived from, or traceable to any proceeds the person obtained" as a result of violating the statute (720 ILCS 5/29B-1(h)(1)(A) (West 2014)) and all conveyances used to transport such property (720 ILCS 5/29B-1(h)(1)(C) (West 2014)). If the value of the property, excluding the value of any conveyances, is less than $20,000, the State's Attorney may administratively forfeit the property. The procedure for doing so is as follows:

"(1) If, after review of the facts surrounding the seizure, the State's Attorney is of the opinion that the seized property is subject to forfeiture, then within 45 days after the receipt of notice of seizure from the seizing agency, the State's Attorney shall cause notice of pending forfeiture to be given to the owner of the property and all known interest holders of the property in accordance with subsection (i) of this Section.

(2) The notice of pending forfeiture must include a description of the property, the estimated value of the property, the date and place of seizure, the conduct giving rise to forfeiture or the violation of law alleged, and a summary of procedures and procedural rights applicable to the forfeiture action.

(3)(A) Any person claiming an interest in property which is the subject of notice under paragraph (1) of this subsection (k), must, in order to preserve any rights or claims to the property, within 45 days after the effective date of notice as described in subsection (i) of this Section, file a verified claim with the State's Attorney expressing his or her interest in the property." 720 ILCS 5/29B-1(k)(1), (k)(2), (k)(3)(A) (West 2014).

¶ 8        The statute contains the following requirements for notice to the property owner:

"(A) If the owner's or interest holder's name and current address are known, then by either personal service or mailing a copy of the notice by certified mail, return receipt requested, to that address. For purposes of notice under this Section, if a person has been arrested for the conduct giving rise to the forfeiture, then the address provided to the arresting agency at the time of arrest shall be deemed to be that person's known address. Provided, however, if an owner or interest holder's address changes prior to the effective date of the notice of pending forfeiture, the owner or interest holder shall promptly notify the seizing agency of the change in address or, if the owner or interest holder's address changes subsequent to the effective date of the notice of pending forfeiture, the owner or interest holder shall promptly notify the State's Attorney of the change in address; or

(B) If the property seized is a conveyance, to the address reflected in the office of the agency or official in which title or interest to the conveyance is required by law to be recorded, then by mailing a copy of the notice by certified mail, return receipt requested, to that address; or

(C) If the owner's or interest holder's address is not known, and is not on record as provided in paragraph (B), then by publication for 3 successive weeks in a newspaper of general circulation in the county in which the seizure occurred." 720 ILCS 5/29B-1(i)(1)(A)-(i)(1)(C) (West 2014).

¶ 9        Defendant contends that the trial court erred by holding that the notice was proper. He argues that, although the State might have complied with the statute as written, it was required to do more where it had reason to know that he would not receive the notice at his last known address.

¶ 10        The State argues that the trial court lacked jurisdiction to hear defendant's motion, because the motion was filed too late. The State appears to contend that defendant was required to seek administrative review of the State's Attorney's decision and that his motion was filed more than 35 days after the State notified him of that decision. See 735 ILCS 5/3-103 (West 2014). On the merits, the State responds that, if defendant had been incarcerated for the underlying

offense, it would have had to serve him in the jail but, because he was not in jail, it had no additional obligation to search for him.

¶ 11 The State thus questions the trial court's jurisdiction and, by extension, our jurisdiction. Due to the irregular nature of the proceedings below, we ordered the parties to file supplemental briefs on the jurisdictional issue. Having considered the supplemental briefs, we conclude that the trial court had jurisdiction of defendant's motion.

¶ 12 Except in cases of administrative review, the Illinois Constitution gives circuit courts jurisdiction of all justiciable matters. *Belleville Toyota, Inc. v. Toyota Motors Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002) (citing Ill. Const. 1970, art. VI, § 9). Here, at least technically, defendant did not seek administrative review, in which the trial court's jurisdiction is controlled by statute. Instead, in a criminal action, he filed a motion for the return of property. The return of property is a justiciable matter, as is, of course, a criminal action.[1] Thus, the trial court had jurisdiction of defendant's motion. See *Brewer v. National R.R. Passenger Corp.*, 165 Ill. 2d 100, 105 (1995) (trial court retains jurisdiction over a cause for 30 days after entry of a final order or judgment).

¶ 13 The State observes that the statute provides that property subject to forfeiture under the statute "shall not be subject to return or release by a court exercising jurisdiction over a criminal case involving the seizure of such property unless such return or release is consented to by the State's Attorney." 720 ILCS 5/29B-1(*l*)(10) (West 2014). But the divisions of a circuit court are not jurisdictional (*In re Marriage of Schweihs*, 222 Ill. App. 3d 887, 890 (1991)), and, as noted, outside of administrative review, the legislature may not divest a circuit court of its jurisdiction (*Belleville Toyota*, 199 Ill. 2d at 335).

¶ 14 However, even if, substantively, defendant did seek administrative review, but did so in an untimely manner (and in the wrong division), the trial court's jurisdiction merely turns on the merits of whether the State's notice of its decision was constitutionally adequate. If it was, the trial court properly denied defendant's motion. But if the notice was constitutionally inadequate—regardless of whether it was statutorily adequate—then defendant is not subject to the statutory limitations on his action. See *Grimm v. Calica*, 2017 IL 120105, ¶ 21; *Bell v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 398 Ill. App. 3d 758, 763 (2010) (35-day jurisdictional requirement will not bar a plaintiff's complaint for administrative review where the agency fails to fairly and adequately inform the plaintiff of its decision).

¶ 15 Thus, we now turn to the merits. Defendant contends that, in light of due process concerns, simply mailing notice to the address he gave at the time of his arrest was insufficient. He argues that the statutory provision that an address given at the time of an arrest is deemed to be the address for purposes of notice is merely a presumption that applies when the State has no reason to know that the defendant is residing elsewhere. Here, he contends, the State had reason to know that he would likely not be able to retrieve mail from that address because the

---

[1]As a general matter, parties routinely file motions relating to the return of seized property in criminal cases. A person who is arrested is entitled to an inventory of all items that were seized on a search without a warrant, and such an inventory must be delivered to the criminal court. 725 ILCS 5/108-2 (West 2014). All items, other than contraband, must be returned when the person is released without being charged. *Id.* The trial court must provide for the custody of any seized items pending further proceedings. 725 ILCS 5/108-11 (West 2014).

conditions of his pretrial release required him to remain in Illinois and to report weekly to pretrial services.

¶ 16 In *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), the Court held that—prior to an action that could affect an interest in life, liberty, or property—due process requires that a State provide " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.* at 795 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). This requires, at a minimum, "[n]otice by mail or other means as certain to ensure actual notice" if the party's name and address are reasonably ascertainable. *Id.* at 800.

¶ 17 Defendant cites several cases holding that literal compliance with the governing statute did not comport with due process. In *Robinson v. Hanrahan*, 409 U.S. 38 (1972) (*per curiam*), the State of Illinois sought the forfeiture of the defendant's car. Although the State knew that the defendant was in jail awaiting trial, it nevertheless mailed notice of the forfeiture to his home address, as permitted by the statute. *Id.* Citing *Mullane*, the Court held that, under the circumstances, "it cannot be said that the State made any effort to provide notice which was 'reasonably calculated' to apprise appellant of the pendency of the forfeiture proceedings." *Id.* at 40.

¶ 18 In *People v. Smith*, 275 Ill. App. 3d 844 (1995), this court held that notice of a pending forfeiture mailed to the defendant's home address was insufficient where the defendant was in jail at the time. We noted that his address at the jail was readily ascertainable and that the notice mailed to his home was not reasonably calculated to apprise him of the pending forfeiture proceeding. *Id.* at 850.

¶ 19 Of particular relevance to this case is *In re Forfeiture of $2,354.00 United States Currency*, 326 Ill. App. 3d 9 (2001). There, the State sought the nonjudicial forfeiture of cash seized from the defendant. It sent notice by certified mail to the defendant's home address in Byron. However, the defendant's wife had obtained an order of protection that barred the defendant from that home. *Id.* at 11. The defendant had promptly notified the circuit clerk's office of his new address. After two attempts to deliver the notice to the Byron address, the return receipt was returned as unclaimed.

¶ 20 We held that the State's attempt at service denied the defendant due process. We first noted that, generally, notice by certified mail is sufficient even if the claimant does not actually receive it, but that the ultimate issue is whether the government acted reasonably under the circumstances. *Id.* at 14. We recognized that there could be at least three scenarios in which such notice is inadequate. The second of those applied in that case: where the State does not actually know, but should know, the party's correct address when it mails the notice. *Id.*

¶ 21 We rejected the State's attempt to distinguish *Smith* on the ground that, in *Smith*, the defendant was in jail. We stated:

"In *Smith*, we simply applied the broad rule that due process requires notice that is reasonable in view of what the State actually knows *and* what the State should know through the exercise of reasonable diligence. Of course, whether the property owner is incarcerated may bear on the reasonableness of the State's efforts and on whether his address is reasonably ascertainable. However, the fundamental question is still whether the State has acted reasonably under all the circumstances." (Emphasis in original.) *Id.* at 16.

¶ 22    We further rejected the State's contention that the defendant's failure to notify the seizing agency of his address change relieved it of its obligation to provide due process of law. *Id.* We noted that, at the very least, after the original notice was returned unclaimed, the State had some further duty to attempt to locate the defendant, noting that "[c]ontrary to what the State claimed at the hearing, due process does require the State—within reason—to 'try to follow people around and try to figure out where they are.' Under the facts here, the State did not fulfill its obligation." *Id.* at 17; see also *Montgomery v. Scott*, 802 F. Supp. 930, 936 (W.D.N.Y. 1992) ("The Government's duty to act reasonably does not end when it drops the notice in the mail; it is simply unreasonable for the Government to rely on a notice it knows has failed to reach the intended recipient, for the same reason that it is unreasonable for the Government to rely on notice sent to an address at which it knows a party no longer resides.").

¶ 23    By contrast, in *People ex rel. Devine v. $30,700.00 United States Currency*, 199 Ill. 2d 142 (2002), the State mailed notice of a forfeiture hearing to the defendant's home address. The defendant did not receive the notice because he was in prison in Vandalia on an unrelated charge. The court held that the notice was sufficient under the circumstances. The court distinguished cases where notice was found insufficient because, in those cases, the arrest and seizure were interrelated, "such that the seizing agency knew the claimant's actual location." *Id.* at 160. In the case before it, however, the court found no evidence that the State knew or should have known of the defendant's arrest and incarceration on charges unrelated to the seizure. *Id.* at 161.

¶ 24    Here, the State had ample reason to know that defendant would not receive the notice at his California address. Although a transcript of the hearing is not in the record, a prosecutor was presumably in the courtroom when the trial court granted defendant's motion to reduce his bond and placed him on pretrial release. At that time, defendant was ordered to remain in Illinois and to report to pretrial services. A copy of the order containing those conditions appears in the record. Moreover, the record shows that defendant faithfully reported to pretrial services. Thus, the State was on notice that defendant would not be able to retrieve mail from his California residence.

¶ 25    Moreover, defendant's address was readily ascertainable. While the State need not go to "heroic lengths" (*In re $2,354.00*, 326 Ill. App. 3d at 14) to locate a would-be claimant, a check of the court file would have revealed the order that he remain in the state and report to pretrial services. From there, a simple phone call to pretrial services would have revealed that defendant had reported living with his sister in Glendale Heights.[2] Given that he had been reporting regularly to pretrial services, it would have been reasonable to conclude that that agency would have his current address.

¶ 26    The State makes essentially the same arguments that we rejected in *In re $2,354.00*: that the relevant consideration is whether defendant was in jail on charges related to the forfeiture when the notice was sent. It contends that, because defendant was not in jail, it had no further duty to search for him. We rejected that argument in *In re $2,354.00*, holding, consistently

---

[2]The court in *In re $2,354.00* did not explicitly decide whether the defendant's informing the circuit clerk of his new address constituted notice to the seizing agency, but it seems to have assumed that it did not. Defendant here does not argue that his notice to pretrial services—likewise an administrative arm of the circuit court in the relevant jurisdiction—fulfilled his duty to notify the seizing agency. Thus, we do not decide that question.

with *Robinson* and *Devine*, that the key question was whether the State had reason to know that the defendant was not at his listed address or, more broadly, whether the State acted reasonably under the circumstances.

¶ 27 The State relies heavily on *Devine*. However, as noted, key to the holding in *Devine* was the absence of evidence that the State knew *or should have known* that the defendant was incarcerated on an unrelated charge. Here, the State should have known that defendant, although not in jail, was forbidden from leaving the state as a condition of his pretrial release in the same case that gave rise to the forfeiture.

¶ 28 Given that the State should have known that defendant would be unable to receive mail at his California address, due process required the State to take further action to learn defendant's then-current address and serve him there.

¶ 29 The question remains as to the proper remedy. Defendant contends that we should simply vacate the forfeiture and order his property returned to him. However, he cites no authority for this remedy, and we find it inappropriate here. The parties have not addressed the substantive issue of whether defendant is entitled to have the property returned, and that issue is not presently before the court.

¶ 30 Alternatively, defendant suggests that we vacate the forfeiture and remand for further proceedings. This appears to be the proper resolution. As defendant did not receive proper notice of the forfeiture, he did not timely file a verified claim with the State's Attorney expressing his interest in the property. See 720 ILCS 5/29B-1(k)(3)(A) (West 2014). Defendant now has actual notice of the forfeiture. To put the case back in its correct procedural posture, we vacate the order denying defendant's motion for the return of property, and we remand the cause. Defendant will have 45 days from the issuance of our mandate in which he may file, if he chooses, a verified claim with the State's Attorney.

¶ 31 The judgment of the circuit court of Kane County is vacated and the cause is remanded.

¶ 32 Vacated and remanded.