No. 2--95--1177

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE              )  Appeal from the Circuit Court

OF ILLINOIS,                         )  Du Page County.

                                     )  

     Plaintiff-Appellee,             )

                                     )  No. 93--CF--1531

v.                                   )

                                     )

YUNG S. KIM,                         )  Honorable

                                     )  Eugene A. Wojcik,

     Defendant-Appellant.            )  Judge, Presiding.

________________________________________________________________

     PRESIDING JUSTICE McLAREN delivered the opinion of the court:

     Defendant, Yung S. Kim, brings this interlocutory appeal (145

Ill. 2d R. 604(f)) from the circuit court's denial of his motion to

dismiss, on the basis of former jeopardy, the multiple-count

indictment against him for filing fraudulent retailer's occupation

tax returns (35 ILCS 120/13 (West 1992)).  Defendant claims that

the State's criminal prosecution against him is barred on double

jeopardy grounds because, in February 1994, the State also issued

against him a civil tax assessment and 10-day demand for payment of

taxes in the amount of $306,200.90.  Of this amount,  $123,129.90

is for penalties and interest.  (The penalty amounts to $54,921,

and the interest amounts to $68,208.90.)   He contends that he has

been previously "punished" since the demand is a "final" notice for

payment, and, should the defendant refuse to make payment within 10

days, the State may take execution upon the assessment or take

other actions including, inter alia, the garnishment of his wages,

the filing of a tax lien against his property, the seizure and sale

of his assets, the revocation of various licenses, and the

nonrenewal of his corporate charter.  We affirm and remand for

further proceedings. 

     The State has maintained both here and in the trial court that

the purportedly "final" assessment does not amount to a criminal

punishment for double jeopardy purposes, because the State has not

yet made any attempt to enforce the tax against defendant or have

a judgment entered against him, and defendant has not yet paid any

tax.  The State points out that defendant did not avail himself of

the statutory procedures to protest the tax assessment, or request

a hearing, or obtain judicial review.  See 35 ILCS 120/4, 5 (West

1992); 735 ILCS 5/3--101 (West 1992).  In sum, the State argues

that no jeopardy has yet attached and the tax assessment does not

constitute "punishment" for double jeopardy purposes.  We find

merit in the State's position. 

                         I.  NO JEOPARDY ATTACHED

     The constitutional protections against double jeopardy are

designed to protect against three distinct abuses by government:

(1) a second prosecution for the same offense after acquittal; (2)

a second prosecution for the same offense after conviction; and (3)

multiple punishments for the same offense when sought in separate

proceedings.  People v. Krizek, 271 Ill. App. 3d 533, 536 (1995). 

The bar against multiple punishments is the subject of the present

appeal.  It is obvious that there can be no double jeopardy without

a former jeopardy.  People v. Delatorre, 279 Ill. App. 3d 1014,

1019 (1996). 

     Here, although the threat of punishment may be said to exist

in the form of a final assessment and demand, no punishment has in

fact been imposed.  For example, in a civil in rem forfeiture

proceeding, the initial seizure of a defendant's property, where

there is no final judgment of forfeiture, does not constitute

punishment for double jeopardy purposes.  See Krizek, 271 Ill. App.

3d at 537, quoting United States v. Stanwood, 872 F. Supp. 791, 799

(D. Or. 1994) ("Common sense compels the conclusion that punishment

occurs when meted out by the court, not before").  

     We recognize that a tax proceeding is not quite analogous to

a civil in rem forfeiture proceeding.  However, the principle that

a punishment must in fact be imposed in order for jeopardy to

attach is the same in each instance when the question of multiple

punishments is considered.  This is so particularly where, as here,

the defendant still has the opportunity to challenge the tax in a

civil proceeding and no final judgment has been entered.  Despite

defendant's attempt to characterize the final notice of assessment

and demand for payment as a punishment, we do not believe this

notice has sufficient indicia of finality to qualify as a former

jeopardy based on a theory of multiple punishments--particularly

where defendant has not appeared in the administrative proceedings,

no exaction or sanction has yet been imposed, and defendant still

has the opportunity to challenge the tax and the penalties.

              II.  TAX ASSESSMENT WAS NOT CRIMINAL PUNISHMENT

     In attempting to characterize the tax assessment as a criminal

punishment, defendant's reliance on Wilson v. Department of

Revenue, 169 Ill. 2d 306 (1996), is misplaced.  That case is

readily distinguishable.  Following the analysis of Department of

Revenue v. Kurth Ranch, 511  U.S. 767, 128 L. Ed. 2d 767, 114 S.

Ct. 1937 (1994), our state supreme court in Wilson concluded that

a large tax imposed on an alleged "dealer" of contraband drugs

violated the constitutional protection against double jeopardy

because of the tax's obvious punitive aspects and because it was

conditioned on the commission of a crime.  In that case, the

defendant pleaded guilty to the criminal charges and was sentenced. 

He also filed a protest in the tax proceeding after he received a

notice of assessment and intent to seize his assets.   When the

Department of Revenue proceeded to levy on his property without

affording him the hearing he had requested, Wilson commenced an

action for declaratory and injunctive relief on the basis that the

tax could not be enforced against him because he had already been

prosecuted and sentenced on the criminal charges.  Wilson, 169 Ill.

2d at 308-09. It is clear that, in Wilson, the defendant had

already been punished once by the imposition of the criminal

sentence.  The tax could not be enforced because of its

unmistakable punitive characteristics under the Kurth Ranch

analysis.  Wilson, 169 Ill. 2d at 317.  As we shall explain, those

punitive characteristics are not present here.

     In Kurth Ranch, the Supreme Court concluded that a Montana tax

imposed on the defendants for the possession of illegal drugs after

the state imposed a criminal penalty on the defendants amounted to

a successive punishment in violation of the constitutional

protection against double jeopardy.  In determining whether the tax

could be fairly characterized as punitive rather than as remedial,

the Court first observed that "neither a high rate of taxation nor

an obvious deterrent purpose automatically marks [a tax] as a form

of punishment."  511 U.S. at___, 128 L. Ed. 2d at 779, 114 S. Ct.

at 1946; see People v. Dvorak, 276 Ill. App. 3d 544, 548 (1996). 

In Dvorak, we summarized the factors leading to this conclusion as

follows: 

          "Among the features the Court found unusual were these:

     (1) the tax was conditioned on the commission of a crime; (2)

     it was exacted only after the taxpayer had been arrested for

     the conduct which gave rise to the tax obligation and had paid

     all related State or Federal fines and all forfeitures had

     been satisfied; and (3) the tax was levied on goods that the

     taxpayer neither owned nor possessed when the tax was imposed

     (because presumably the contraband was destroyed by the State)

     so that it had 'an unmistakable punitive character.'  (511

     U.S. at ___, 128 L. Ed. 2d at 781, 114 S. Ct. at 1947-48.) 

     The Court explained: 'Taken as a whole, this drug tax is a

     concoction of anomalies, too far-removed in crucial respects

     from a standard tax assessment to escape characterization as

     punishment for the purpose of Double Jeopardy analysis.'

     (Kurth Ranch, 511 U.S. at ___, 128 L. Ed. 2d at 781, 114 S.

     Ct. at 1948.)"  Dvorak, 276 Ill. App. 3d at 548-49.  

          The Supreme Court also concluded that, because the tax was

fairly characterized as punishment rather than as a remedial civil

sanction, any such punishment would have to be imposed in the first

criminal prosecution or not at all, and Montana's proceeding to

collect the tax was the functional equivalent of a successive

criminal prosecution that placed the defendants in jeopardy a

second time for the same offense.  511 U.S. at ___,  128 L. Ed. 2d

at 781-82, 114 S. Ct. at 1948. 

     Here, the tax and the resulting sanctions for the failure to

pay the tax, in a timely manner and in accordance with the

statutory revenue provisions, do not amount to a criminal

punishment for double jeopardy purposes.  Rather, the tax has a

legitimate revenue raising purpose which defendant has not

disputed, and the penalties and interest serve to compensate the

State for its revenue collection efforts.  The civil penalties

result from defendant's attempts to avoid paying the tax when due. 

The penalties are civil and remedial in nature even though they

have an obvious deterrent effect in discouraging evasive tactics by

taxpayers--and even though, in this case, they may arise from

allegedly fraudulent conduct. 

     In Helvering v. Mitchell, 303 U.S. 391, 82 L. Ed. 917, 58 S.

Ct. 630 (1938), the Supreme Court held that a 50% civil tax penalty

("addition") imposed on defendant for filing a fraudulent tax

return served only a remedial purpose and did not violate the

protection against double jeopardy where the defendant had also

been acquitted in a criminal prosecution for willful tax evasion. 

The Court viewed the civil sanction as a remedial safeguard to

protect revenue and to reimburse the government for the heavy

expense of investigation and the loss resulting from the taxpayer's

fraud.  The Court noted that the Congress may impose both a

criminal and a civil sanction with respect to the same act or

omission.  303 U.S. at 399-401, 82 L. Ed. at 922, 58 S. Ct. at 633-

34.  

     Helvering remains good law, and we adhere to the rule

established there.  See United States v. Alt, 83 F.3d 779 (6th Cir.

1996) (explaining the Court's implicit approval of Helvering in the

recent cases of Kurth Ranch, and United States v. Halper, 490 U.S.

435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989); court held that tax

penalty of 81% for fraud, understatement, and negligence was not

punishment for double jeopardy purposes); United States v.

Brennick, 908 F. Supp. 1004 (D. Mass. 1995) (23% tax penalty for

failure to truthfully account for and pay federal income taxes was

not punishment for double jeopardy purposes).  The penalties and

interest here are not so grossly disproportionate that they amount

to the additional criminal punishments which the Court found

violative of double jeopardy protection in Halper and Kurth Ranch. 

As in Helvering, the penalties and interest here are remedial and

are reasonably related to compensating the government, in the form

of liquidated damages, for its tax collection and enforcement

activities. 

     The order of the circuit court of Du Page County denying

defendant's motion to dismiss the criminal prosecution is therefore

affirmed, and the cause is remanded for further proceedings. 

     Affirmed and remanded. 

     BOWMAN and THOMAS, JJ., concur.